UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| John Doe<br><br>      PLAINTIFF<br><br>V.<br><br>SexSearch.com, et al<br><br>      DEFENDANTS | Case No. 3:07-cv-604<br><br>Judge:<br><br>Magistrate Judge:<br><br>MOTION FOR PROTECTIVE ORDER |

    John Doe requests a protective order from this court directing him to release to all Defendants identifying information regarding himself and Jane Roe for the reasons set forth below.

ORDER REQUESTED

    Plaintiff respectfully requests this court order him to provide to the court under seal and to all Defendants, subject to this protective order, the name, address of residence, SexSearch.com member name and criminal case number referenced in the complaint to enable the court and Defendants to identify John Doe and Jane Roe. He makes this request accompanied with a request that any such information released to Defendants be done pursuant to a protective order by this court that Defendants may not, without further written order of this court, release such information to any other party. Meaning, counsel for Defendants are permitted to share this information with the individual defendant, or in the case of organizational defendants, a single representative of that organization for purposes of answering the complaint and litigating this case.

    Plaintiff makes this request seeking to balance two competing interests. John Doe and Jane Roe's need for anonymity from the public given the intimate nature of the matters of this litigation and the Defendants need to know their identity to meaningfully answer the allegations in the complaint.

1

In addition, Plaintiff respectfully requests this court order any portions of the civil cover sheet indicating the county of residence of Plaintiff be sealed. Such information has the likelihood of leading to the identification of Jane Roe and John Doe.

Without release of this identifying information to Defendants, they are forced to deny many of the allegations for want of information. That is, if they cannot know the identity of John Doe and Jane Roe they cannot be certain these individuals were ever members of SexSearch.com's service. Unless they were members, Defendants had no contractual duty to either of them.

Conversely, if John Doe and Jane Roe are required to have this information printed on all pleadings from this point forward, both of them will needlessly suffer public humiliation. Their families, John Doe's minor children and Jane Roe's parents and relatives will also needlessly suffer. There is a predictable likelihood that this matter, once public, will be of public interest to various media organizations exercising their First Amendment right to publish all publicly available material about the case. That scrutiny is certainly harmful to a school age child like Jane Roe. While John Doe is an adult, the public availability of his name and identifying information will lead immediately to exposing the identity of Jane Roe as there is an ongoing criminal case involving the matter at the current time. John Doe has two minor children whom bear his last name. The release of his name and identifying information will invite the type of childhood teasing of those children and perhaps ostracizing occasioned by classmates and their parents offended by the legal, although morally questioned, behavior engaged in by John Doe in even becoming a member of Defendants' service. Granted, had John Doe not become of a member of Defendants' service, his need to protect his children from such permanent emotional harm would be non-existent. However, thousands of Ohio residents are, today, members of Defendants' service enjoying the anonymity John Doe enjoyed until Defendants' service delivered him to a minor breaching their agreement with him.

      Judicial efficiency is served by granting this request for a protective order prior to receipt by the court of responses by Defendants. Should Defendants, once they receive the information protected by this order, feel its requirements to restrictive, they are not prejudiced by having to approach the court seeking appropriate relief. Although according to rule, Defendants are permitted time to respond to this motion, it defies logic they would not want to know the identifying information for John Doe and Jane Roe as they prepare their answer to the complaint. As noted above, Defendants cannot meaningfully answer the complaint without this information.

      For the foregoing reasons, Plaintiff requests this court issue a protective order fashioned as outlined above for the reasons stated.

/s/Dean Boland
Dean Boland 65693
18123 Sloane Avenue
Lakewood, Ohio 44107
dean@deanboland.com
216.529.9371 phone
216.803.2131 fax
Attorney for Plaintiff

CERTIFICATE OF SERVICE

      A copy of the foregoing was served March 1, 2007 by regular U.S. mail to all Defendants at the addresses listed on the complaint for each Defendant.

/s/Dean Boland
Dean Boland (0065693)

3