IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

John Doe,                                                  Case No. 3:07 CV 604

              Plaintiff,                         TEMPORARY RESTRAINING ORDER

        -vs-                                              JUDGE JACK ZOUHARY

SexSearch.com, et al.,

              Defendants.

This matter is before the Court on Plaintiff's Motion for Injunction (Doc. No. 9), filed under seal. The Court conducted an *ex parte* Hearing, on the record, on March 2, 2007.

The Court is cognizant of the exceptional nature of an *ex parte* temporary restraining order. Indeed, a temporary restraining order may be granted *ex parte* only when "(1) the failure to issue it would result in 'immediate and irreparable injury, loss, or damage' and (2) the applicant sufficiently demonstrates the reason that notice 'should not be required.'" *In re Vuitton Et Fils S.A.*, 606 F.2d 1, 4 (2d Cir. 1979) (quoting Fed. R. Civ. P. 65(b)). "The normal circumstance for which the district court would be justified in proceeding *ex parte* is where notice to the adverse party is impossible . . . . There is, however, another limited circumstance for which the district court may proceed *ex parte*: where notice to the defendant would render fruitless further prosecution of the action." *First Technology Safety Sys. v. Depinet*, 11 F.3d 641, 650 (6th Cir. 1993) (citations omitted).

In his motion, and at the Hearing, Plaintiff established that based on the business structure of certain Defendants, notice to Defendants here would "render fruitless" further action. Specifically, this Order is limited to only these Defendants: Cyber Flow Solutions, Inc.; SexSearch.com; SexSearchcom.com; Manic Media; and Orgasm.com. Plaintiff has successfully shown that these

wholly-internet businesses have been designed with a system of veiled ownership, divided assets, misnamed corporations, and hidden information, for which there is no legitimate business purpose. Further, a few of the Defendants in this case have used this "shell game" to evade federal jurisdiction in the past. See *Silverstein v. EXPERIENCED INTERNET.COM, INC.*, No. 05-00160 (N.D. Cal.).

"[E]x parte restraining orders should be limited to preserving the status quo only for so long as is necessary to hold a hearing." *First Technology Safety Sys.*, 11 F.3d at 650 (quoting *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 439 (1974)). Plaintiff has shown circumstances sufficient to proceed *ex parte*, so long as the temporary restraining order sought is very narrow, one which merely preserves the status quo.

The factors considered in granting a TRO or a preliminary injunction are similar in nature. In the Sixth Circuit, it is well settled that the following factors are to be considered in making this determination:

> (1) Whether the movant has shown a strong or substantial likelihood or probability of success on the merits; (2) Whether the movant has shown irreparable injury; (3) Whether the issuance of a preliminary injunction [TRO] would cause substantial harm to others; and (4) Whether the public interest would be served by granting injunctive relief.

*Mason County Med. Ass'n v. Knebel*, 563 F.2d 256, 261 (6th Cir. 1977). The Sixth Circuit also advocates a balancing approach as to these factors:

> It thus appears that the precise wording of the standard for the likelihood of success on the merits is not as important as a realistic appraisal of all of the traditional factors weighed by a court of equity. A balancing is required, and not the mechanical application of a certain form of words.

*Roth v. Bank of the Commonwealth*, 583 F.2d 527, 537-38 (6th Cir. 1978), cert. dismissed, 442 U.S. 925 (1979). *See also In re DeLorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir. 1985).

As discussed in this Court's bench ruling, the balance of these factors weighs in Plaintiff's favor. Plaintiff has demonstrated a likelihood of success on the merits of, at a bare minimum, his claims for *de facto* violations of the Ohio Consumer Sales Practices Act. As discussed above, Plaintiff has shown a threat of irreparable harm sufficient to justify *ex parte* consideration of this matter. Defendants will not be harmed by the imposition of this very-narrow Order, because it merely compels certain Defendants to continue to operate their businesses without liquidating assets to evade jurisdiction and potential judgments.

Plaintiff has shown that a narrowly tailored temporary restraining order which preserves the status quo is appropriate. Accordingly, it is hereby ORDERED:

1. Plaintiff's Motion for Injunction (Doc. No. 9) is **granted**;

2. Defendants may not transfer, by sale or lease, or liquidate any collateral or assets, including domain names, owned or controlled by Cyber Flow Solutions, Inc., SexSearch.com, SexSearchcom.com, Manic Media, and Orgasm.com outside of the ordinary course of business;

3. Because this Order is very limited in scope and the Court has determined that Defendants will not be harmed in any manner by this Order, no bond is necessary;

4. This Order is in effect until **March 13, 2007, at 8:00 a.m.**, at which time the Court will hold a Preliminary Injunction Hearing.

IT IS SO ORDERED.

      s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

March 2, 2007