# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| John Doe, | ) | Case No. 3:07CV604 |
| | ) | |
| | ) | Hon. Jack Zouhary |
| Plaintiff, | ) | |
| | ) | **DEFENDANT EXPERIENCED** |
| | ) | **INTERNET.COM, INC.'S MOTION** |
| v. | ) | **FOR AN ORDER CONTINUING** |
| | ) | **PLAINTIFF'S MOTION FOR** |
| | ) | **PRELIMINARY INJUNCTION** |
| SexSearch.com, et al., | ) | **AND FOR OTHER RELATED** |
| | ) | **RELIEF** |
| | ) | |
| Defendants. | ) | Richard M. Kerger (0015864) |
| | ) | KERGER & ASSOCIATES |
| | ) | 33 S. Michigan Street, Suite 100 |
| | ) | Toledo, Ohio 43604 |
| | ) | Telephone: (419) 255-5990 |
| | ) | Fax: (419) 255-5997 |
| | ) | |
| | ) | Counsel for Specially Appearing |
| | ) | Defendant Experienced Internet.com, |
| | ) | Inc. |
| | ) | |

Specially appearing defendant Experienced Internet.com, Inc. ("EIC")[1] seeks a continuance of the hearing on Plaintiff's preliminary injunction motion and related relief.[2]

---

[1] EIC owns Sexsearchcom.com, which is an asset of the corporation and not a legal entity, and therefore lacks the capacity to appear in and defend this action or to be served. EIC is specially appearing because its asset is named in the TRO.

Fundamental fairness requires a continuance to allow EIC the opportunity to see what it is being accused of. EIC has not even seen the moving papers, despite repeated requests to Plaintiff's counsel last Thursday and Friday. This is like fighting with a blindfold and one arm tied behind your back. EIC will be severely prejudiced if the relief sought is not granted.[3]

EIC's counsel asked Plaintiff's counsel, Dean Boland, to stipulate to continue the hearing on the preliminary injunction motion and to keep the TRO in effect until then, and for a copy of the moving papers. Plaintiff's counsel refused the requests and told EIC's counsel to make a motion. Plaintiff's counsel is clearly trying to improperly gain an upper hand in this litigation by refusing EIC its due process, but EIC cannot and should not be required to oppose a motion it has not seen. EIC was only formally served on March 15, 2007 (after the initial TRO hearing), and had only received verbal contact a few days earlier. EIC is now placed in the position of having to defend a preliminary injunction motion on a moment's notice, without even having the opportunity to see the moving papers.

---

[2] Specifically, EIC moves for an order: (1) unsealing the papers Plaintiff filed in support of his *ex parte* application for a temporary restraining order ("TRO") and motion for preliminary injunction; (2) ordering Plaintiff's counsel to serve those unsealed moving papers on EIC's counsel via email; (3) allowing EIC to file papers in opposition to the preliminary injunction motion at least 10 days after the moving papers are served; (4) continuing the hearing on Plaintiff's preliminary injunction motion to a date convenient to the Court and after EIC has an opportunity to file its opposition papers; and (5) extending the TRO currently in effect until the Court holds the hearing on the preliminary injunction motion.

[3] Facts supporting this motion are set forth in the declaration of Dana Milmeister attached hereto.

Plaintiff's counsel could easily have called EIC's counsel of record in Los Angles to give notice of the TRO and this action. Instead, Mr. Boland made no efforts to contact EIC's counsel of record in a case he cited to this Court, *Silverstein v. Experienced Internet.com, Inc.*, (N.D. CA Case No. 05-00160 PVT), and which is still pending in the Ninth Circuit. He could have easily picked up the phone and called EIC's lead counsel in Los Angeles (Gary Jay Kaufman) weeks ago, but strangely refrained from doing so.

Also, based on the statements Mr. Boland made to EIC's counsel and the Court's statements in the TRO, it appears that Plaintiff has either misled the Court or misunderstands the nature and purpose for the corporate structures in place related to the running of the sexsearchcom.com and sexsearch.com websites. EIC and the other defendants need time to gather the documents and declarations from percipient witnesses stating that: (1) There is no elaborate shell game in the operation of sexsearch.com designed to evade jurisdiction, liability or taxes; (2) All the corporate entities involved are in good standing, fully compliant with all applicable laws, and were formed by following advice from attorneys in the U.S. and other jurisdictions; (3) All the entities and individuals involved file and pay all taxes due in their respective domiciles, and there are no hidden accounts or other activities designed to circumvent any law or court.

Mr. Boland has used smoke and mirrors to convince this Court otherwise. For example, he apparently cited the *Silverstein* case brought against EIC in the Northern District of California to convince the Court that EIC is trying to evade jurisdiction. This is totally inaccurate. EIC is a Florida corporation and it will not challenge jurisdiction where it has minimum contacts. However, EIC has no minimum contacts with California (and it

has none with Ohio, which will be the subject to a motion to dismiss in this case as well). The District Court in California agreed, after giving plaintiff in that case two chances to establish jurisdiction over EIC for his claims based on spam emails he received.

Specifically, after granting EIC's motion to dismiss for lack of jurisdiction and allowing Silverstein the opportunity to amend his complaint to allege additional jurisdictional facts, the District Court dismissed the complaint without leave to amend because EIC established facts demonstrating that it was not responsible for operating sexsearchcom.com's affiliate program and the Court lacked jurisdiction. Ignoring EIC's lack of involvement with any emails sent regarding sexsearch.com, Silverstein chose to appeal the dismissal instead of naming the spammer that EIC voluntarily identified for Silverstein. The appeal is fully briefed and the Ninth Circuit has not yet heard oral argument.

The *Silverstein* case does not establish that EIC is trying to evade jurisdiction but rather that it will not consent to jurisdiction where it does not exist. EIC should not be penalized for exercising its substantive procedural rights in federal court, and it should have time to demonstrate that the Plaintiff has misinterpreted the *Silverstein* case, or, at the very least, failed to fully disclose the District Court's findings in that case and the basis therefor.

EIC needs time to clear up the confusing picture Plaintiff is trying to paint; and it will also take some time to compile, document and explain the relationships succinctly for the Court and to substantively analyze the claims at issue, and a continuance would actually save time for the Court and all parties involved. Since EIC does not oppose

4

continuance of the TRO until the preliminary injunction hearing, Plaintiff will not be prejudiced. In fact, EIC is not even named in the TRO (but rather only its inert asset, sexsearchcom.com), but of course EIC will abide by its terms until the preliminary injunction hearing.

As to the merits of Plaintiff's claims, the complaint is ridiculous. Plaintiff is using this Court to aid his criminal defense because he chose to have sex with an underage girl he claims to have met through sexsearch.com. EIC has since learned that Jane Roe was only 14-years-old when Plaintiff had sex with her. A reasonable person would be able to tell, or at least question, her age when he met her. This is just one of the many defenses EIC needs time to develop and present. This entire action is a ploy to try to deflect the real issue of what is taking place: Plaintiff is fighting off child molestation charges and this litigation is part of his defense strategy.

Good cause exists to grant a continuance and the other relief sought. EIC was just served a few days ago on March 15, 2007. On Friday, March 16, EIC's counsel sent a messenger to Lakewood to pick up a disc with 282 pages of documents that Mr. Boland stated he would rely upon at the preliminary injunction hearing to ask the Court to freeze EIC's assets and appoint a receiver over the web sites.[4] EIC also ordered a transcript of the

---

[4] It is clear the Plaintiff's counsel is playing games and trying to get a procedural edge by delaying providing information to EIC's counsel that he has filed with the Court. On March 16, Plaintiff filed the appendix of evidence he plans to discuss at the preliminary injunction hearing. Mr. Boland professes to be an internet expert, yet he told EIC's counsel that he could not (or would not) get the pdf document to her by any electronic means. He claimed that his DSL kept timing out when he tried to upload it; but EIC's counsel had no problem uploading the document within 15 minutes after she received it. Mr. Boland's tactics are revealed by his refusal to stipulate to continue the preliminary injunction hearing, when there is no possible prejudice to him by a continuance, except to

TRO hearings on an expedited basis for delivery on Monday and Tuesday. However, EIC's counsel does not have adequate time to review those documents before the preliminary injunction hearing, and certainly cannot possibly guess at the statements made in the moving papers or at the TRO hearing that caused this Court to issue such unusual relief at the outset of this case. Plaintiff's counsel claims to have spent over 1000 hours preparing this case before it was filed. Due process requires that EIC (and the other interested defendants) have more time to respond and defend themselves.

The documents Plaintiff provided to EIC's counsel on March 16 suggest that Plaintiff is using unverified and unauthenticated information to make this Court believe that EIC and the other defendants are somehow engaged in illegal activity designed to hide assets and evade jurisdiction. This is completely false, but EIC just needs more time to properly explain the structure to the Court.

For all the foregoing reasons, EIC respectfully requests an order: (1) unsealing the papers Plaintiff filed in support of his *ex parte* application for a temporary restraining order ("TRO") and motion for preliminary injunction; (2) ordering Plaintiff's counsel to serve those unsealed moving papers on EIC's counsel via email; (3) allowing EIC to file papers in opposition to the preliminary injunction motion at least 10 days after the moving papers are served; (4) continuing the hearing on Plaintiff's preliminary injunction motion to a date convenient to the Court and after EIC has an opportunity to file its opposition papers; and (5) extending the TRO currently in effect until the Court holds the hearing on the

---

the extent that EIC will have the benefit of seeing the moving papers and time to respond. Due process requires that much.

preliminary injunction motion.  Plaintiff will not be prejudiced if the relief sought is granted because the TRO will remain in effect.

                                                    Respectfully submitted,

                                                    /s/ Richard M. Kerger
                                                    RICHARD M. KERGER (0015864)
                                                    Counsel for Specially Appearing Defendant
                                                    Experienced Internet.com, Inc.

**DECLARATION OF DANA MILMEISTER**

I, Dana Milmeister, declare and state as follows:

1. I am Of Counsel to The Kaufman Law Group, and, along with Gary Jay Kaufman, who will be applying to be admitted *pro hac vice* in the referenced matter to represent Experienced Internet.com, Inc. ("EIC"). I make this declaration in support of Defendants' motion to continue the hearing on Plaintiff's motion for preliminary injunction, along with other related relief sought by EIC. The facts set out below are known to me personally, and if called on I could testify to those facts, under oath.

2. EIC was served with the complaint and other documents in this action on March 15, 2007. Although EIC received informal notice of this lawsuit a few days earlier, it still was not enough time to prepare for and oppose Plaintiff's motion for preliminary injunction scheduled for March 21. EIC owns the website at the URL www.sexsearchcom.com. That site is an asset of EIC, and not a person or legal entity. Accordingly, it lacks the capacity to defend this action and should not be a party. EIC is appearing with respect to the preliminary injunction motion because its asset, sexsearchcom.com, is named in the TRO and, presumably, is part of the motion for preliminary injunction, which I have not yet seen.

3. On March 15, 2007, I called Plaintiff's counsel, Dean Boland, and asked him to email me copies of the moving papers he filed under seal in support of Plaintiff's application for a temporary restraining order and motion for preliminary injunction. Mr. Boland refused to provide me with copies, saying that the documents were under seal by Court order and that I had to make a motion to unseal the documents. The next day, I

asked Mr. Boland to stipulate to continue the hearing on the preliminary injunction motion if EIC stipulated that the TRO could remain in effect until the hearing, and he refused without giving a reason.

4. Mr. Boland said he was going to present the Court with hundreds of additional pages of "evidence" at the hearing. I asked him to email or otherwise electronically transfer the documents to me, and he said he would.

5. The next day, Mr. Boland informed me that he would not electronically transfer the file, claiming that his DSL kept timing out. I found this surprising, since Mr. Boland's website boasts his expertise with the internet and electronic media. Nevertheless, the most Mr. Boland would do was mail a disc to me with the information he filed. Instead, our local counsel sent a messenger to Lakewood to retrieve the disc. I did not receive it until Saturday morning, March 17 and it took me only 15 minutes to upload the document to the web so I could email it to my co-counsel, Mr. Kaufman. Local counsel, Richard Kerger, also has ordered expedited transcripts of the TRO hearings, which will be available on Monday and Tuesday of this week.

6. During our first conversation, Mr. Boland informed me that he was going to ask the Court to freeze the defendants' assets and appoint a receiver to run the sexsearch.com website. This surprised me, since the TRO only restrains transfer of assets outside of the normal course of business. Mr. Boland also told me that Plaintiff's attorneys spent over 1000 hours preparing this case before it was filed.

7. EIC needs more time to respond to the motion and the claims. Specifically, EIC and the other defendants need time to gather the documents and declarations from

percipient witnesses to demonstrate that: (1) There is no elaborate shell game in the operation of sexsearch.com designed to evade jurisdiction, liability or taxes; (2) All the corporate entities involved are in good standing, fully compliant with all applicable laws, and were formed by following advice from attorneys in the U.S. and other jurisdictions; (3) All the entities and individuals involved file and pay all taxes due in their respective domiciles, and there are no hidden accounts or other activities designed to circumvent any law or court.

8.      For example, in support of his claim that the corporate structure is a shell game, Mr. Boland cited a case brought against EIC in the Northern District of California to convince the Court that EIC is trying to evade jurisdiction. *Silverstein v. Experienced Internet.com, Inc.* This firm represents EIC in that matter. After allowing the plaintiff in that case the opportunity to amend his complaint to allege additional jurisdictional facts, the District Court dismissed the complaint for lack of jurisdiction because EIC established facts demonstrating that it was not responsible for operating sexsearchcom.com's affiliate program and had no ties to California. Ignoring EIC's lack of involvement with any emails sent to California regarding sexsearch.com, Silverstein appealed the dismissal instead of naming the spammer that EIC voluntarily identified for Silverstein. The appeal is fully briefed and the Ninth Circuit has not yet heard oral argument.

9.      It will take EIC's counsel some time to compile, document and explain the relationships succinctly for the Court and to substantively analyze the claims at issue, and a continuance would actually save time for the Court and all parties involved.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed on March 19, 2007 in Los Angeles, California.

/s/ Dana Milmeister
Dana Milmeister

**CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing has been electronically filed this 19th day of March, 2007. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's System.

/s/ Richard M. Kerger