IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| John Doe, | ) | Case No. 3:07CV604 |
| | ) | |
| | ) | Hon. Jack Zouhary |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM IN OPPOSITION** |
| | ) | **TO PLAINTIFF'S MOTION FOR** |
| v. | ) | **LEAVE TO ENGAGE IN LIMITED** |
| | ) | **DISCOVERY TO MONIKER INC.** |
| | ) | **PRIOR TO CIVIL RULE 26(f)** |
| SexSearch.com, et al., | ) | **CONFERENCE** |
| | ) | |
| | ) | Max Kravitz (0023765) |
| Defendants. | ) | Michael D. Dortch (0043897) |
| | ) | Kravitz, Brown & Dortch, LLC |
| | ) | 145 E. Rich St. |
| | ) | Columbus, Ohio 43215 |
| | ) | Telephone: (614) 464-2000 |
| | ) | Facsimile: (614) 464-2002 |
| | ) | |
| | ) | Counsel for Specially Appearing |
| | ) | Defendants Stallion.com FSC Limited, |
| | ) | DNR, Manic Media (aka Manic |
| | ) | Media, Inc.), Fiesta Catering |
| | ) | International Inc., Mr. Damian Cross, |
| | ) | Mr. Ed Kunkel, and Ms. Camelia |
| | ) | Francis |

### I.   INTRODUCTION

Defendants Stallion.com FSC, Limited; Manic Media, Inc.; DNR; Fiesta Catering International Inc., and Mr. Damian Cross hereby object to and oppose Plaintiff's Motion, filed March 16, 2007, for leave to conduct discovery directed to Moniker, Inc. prior to any Rule 26(f) conference with Defendants. The discovery Plaintiff identifies within that motion is overbroad, vague, invasive, premature, potentially damaging to both the customers and owners of sexsearch.com, and – ultimately – entirely unnecessary.

Plaintiff claims to need this information because the defendants are engaged in a shell game designed to evade liability in the United States. His allegations are based solely on uninformed supposition, and his arguments simply don't hold water. No defendant has evaded service; some have appeared without even being served. No defendant has evaded jurisdiction and there is no evidence of any uncollected debt outstanding against any defendant, judgment or otherwise. All defendants have agreed to abide by the terms of the TRO until the preliminary injunction hearing. The defendants are willing to provide information to the Plaintiff regarding jurisdiction and other preliminary issues subject to a protective order that Defendants drafted and proposed, but Plaintiff's counsel claims to need a week to review that 13-paragraph order.

Plaintiff should not be able to obtain confidential and largely irrelevant business information about the defendants before they have a chance to demonstrate that the entire complaint lacks merit and avoid all such discovery altogether. Rule 26(f) exists in part for the specific purposes of allowing the parties to determine the legitimate course of litigation, thereby preventing one party from engaging in fishing expeditions of the sort that Plaintiff asks leave to embark upon. This Court should deny Plaintiff's request until after a Rule 26(f) conference at which the course of discovery can be discussed by counsel. Following such a conference, either an agreed course of discovery will be presented to this Court, or the disagreements between counsel regarding an efficient course of discovery will be presented to this Court for its determination.

**II.   ARGUMENT**

Discovery is, of course, ordinarily quite broad. It is not without limits, however. Determinations regarding the scope, timing, and limits of discovery reside within the

sound discretion of the trial court. *Whittum, et al. v. Saginaw County, MI,* 2005 WL 3271810 (E.D. MI 2005) (citing, with approval, *Lavado v. Keohane*, 992 F.2d 601, 604(6th Cir. 1993)). Orders limiting or even denying discovery are reviewed on an abuse of discretion standard. *Ghandi, et al. v. Police Dept. of the City of Detroit*, 747 F.2d 338, 354 (6th Cir. 1984).

Moreover, the practice of discovery is one which is fraught with opportunities for abuse. In appropriate cases, therefore, trial courts should closely supervise the process of discovery in order to prevent fishing expeditions and the concomitant unnecessary expense and burden upon parties and others. *Sweet v. Sweet,* 2004-Ohio-7060 (Ashtabula Cty., 2005). "Trial courts have broad discretion and inherent power to stay all discovery until preliminary questions that may dispose of the case are determined." *Hahn v. Star Bank,* 190 F.3d 708, 719 (6th Cir. 1999),

In this case, Plaintiff contends that his motion for early discovery is "limited" in nature and designed solely to obtain information relevant to "pre-trial hearings and arguments" in this matter. Unhappily, Plaintiff's contention is belied by Plaintiff's own description of the information he asks this Court to allow him to obtain from Moniker, Inc. Plaintiff seeks:

> Complete account information, including but not limited to, *credit card* account information and *payment history* for *account holders* of all *domain names* registered to the following *Defendants*:

Plaintiff's Motion for Leave to Engage in Limited Discovery Prior to Civil Rule 26(f) Conference, p. 2, (emphasis supplied.) Plaintiff then identifies *nine* defendants, including individual defendant Mr. Cross and corporate defendants DNR, Stallion.com

3

FSC, Limited, and Fiesta Catering International, Inc. regarding which he wants Moniker to produce information. This request is obviously vague, overbroad, and needlessly invasive.

Read literally, Plaintiff seeks all information within the possession, custody or control of Moniker, Inc. regarding:

- Disclosure of the identity of any domain name (whether connected to sexsearch.com or not) registered by any of the nine identified defendants

- the payment histories of all customers who maintain accounts with any of the domain names identified in response to the first bullet point above;

- complete account information, including identification of the credit cards used by account holders to pay for any service received in connection with any domain name identified to Plaintiff.

Plaintiff obviously has no need for and no entitlement to the information he has identified. In fact, it is highly likely that Plaintiff himself will acknowledge that his request is worded poorly and that he does not seek information regarding customers who maintain accounts with domain names belonging to defendants, but instead seeks only information regarding the owners and operators of those domain names as well as information regarding income generated through credit card payments to the owners of each of those domain names.

Even if Plaintiff would agree to limit his discovery demand in the manner suggested above, he still should not be given access to such information at this or any other point in time. Such information is obviously irrelevant to, and will not lead to admissible evidence regarding, any of Plaintiff's claims on the merits, all of which

4

involve Plaintiff's attempt to recover damages from the sexsearch.com website operator for the harm *Plaintiff* claims he suffered when *Plaintiff* sexually molested a child.[1]

Furthermore, assuming *arguendo* that Plaintiff's complaint is not the material of Rule 11 sanctions, Plaintiff's substantive theories entitle him to discover, at best, only the legal identity of the owner(s) or operator(s) of the website that he blames for his injury. ***That information has already been offered to Plaintiff, subject to an appropriate stipulated protective order.***

Plaintiff, however, is not content merely to obtain information sufficient to allow him to pursue the party "responsible" for his "injury."  Instead, he demands the identity of anyone associated in any way with the website – without regard to whether that association is of such a nature that it would enable him to maintain claims against those individuals and entities, and with no concern for the individual privacy or the confidential business information of those whom he suspects of being involved with the website. Plaintiff justifies his demand for this information by claiming to fear, in the unlikely event that he prevails on the merits, that he will be unable to enforce a judgment against the legal operators of the website.

Contrary to Plaintiff's counsel's assumptions, no defendant has evaded service in this action; indeed, DNR has appeared without even being served.  No defendant has evaded jurisdiction of any court, and no defendant has any judgments against him, her or it.  Before this Court permits Plaintiff such discovery, Defendants respectfully ask the

---

[1] Plaintiff has been indicted by state authorities on three counts of unlawful sexual conduct with a minor. Each count alleges, in identical terms:

> [John Doe] being eighteen years of age or older, did engage in sexual conduct with another, who is not the spouse of [John Doe] when the said [John Doe] knew the other person was thirteen years of age or older but less than sixteen yes (sic) of age, or [John Doe] was reckless in that regard, the said [John Doe] being more than ten years older than the other person.

5

Court to reflect upon the necessity for this discovery at this point in time, upon the nature of the evidence adduced to date by Plaintiff in support of his allegation that the operators of sexsearch.com are prepared to transfer and conceal assets in order to avoid paying a judgment to Plaintiff, and upon the potential harm to defendants and others that is likely to result from the requested discovery.

**Concerning the current status of this matter**:  *Every* defendant that has appeared before this Court has stipulated to the maintenance of this Court's temporary restraining order until such time as the defendants might be heard on preliminary issues, including issues of personal jurisdiction, the identity of proper defendants, and the necessity of a preliminary injunction against proper defendants.  As a result, there is *no* immediate concern that any of the defendants will conceal assets before this Court determines these preliminary issues.

The only hearing currently scheduled in this matter, of course, concerns Plaintiff's preliminary injunction request, allegedly necessary to protect Plaintiff's ability to collect a judgment should he ultimately prevail on the merits of his claims.  However, because Plaintiff casts aspersions indiscriminately, it is obvious that many, if not most, defendants will soon establish that they lack minimum contacts with this forum and that the maintenance of this litigation against them therefore offends the traditional notions of fair play and substantial justice that are part of Defendants' Constitutional guarantee of due process of law.  *International Shoe v. State of Washington* 326 U.S. 310, 316 (1945).

Plaintiff's discovery should extend no further than these preliminary issues at this time.  Further, this Court should consider the fact that these moving Defendants are fully

prepared to explain to Plaintiff (subject to an appropriate protective Order) and to this Court the nature of their relationships (when one exists) to the website sexsearch.com. Plaintiff should be required to focus upon that information – not upon collecting financial information irrelevant to Plaintiff's claims regarding persons and entities not even properly before this Court.

This Court should not permit Plaintiff *any* discovery unrelated to these preliminary issues until the parties are heard on these issues. If this Court determines that it lacks jurisdiction over a defendant, it obviously has no authority to enjoin he, she, or it in the first place. Similarly, if the Court concludes that sexsearch.com is operated by an entity or entities pursuant to a business structure that was organized and exists for legitimate purposes rather than for purposes of the "shell games" Plaintiff alleges are about to occur, there is no basis to employ the extraordinary powers of this Court to enjoin *any* of defendants.

**Concerning Plaintiff's ultimate ability to enforce a judgment**: The only evidence presented to this Court to date regarding the merits of Plaintiff's request for injunctive relief is (1) the assertion by Plaintiff's counsel that he remains confused by the corporate structures which appear to have some connection to the business of the sexsearch.com website even though he spent a lot of time looking for information regarding sexsearch.com on the internet; (2) incomplete and inaccurate information presented by Plaintiff's counsel regarding the manner in which multiple corporate entities – some related to others, some unrelated to any other – are organized, presented in a manner deliberately intended to portray any transaction of business between those

7

corporate entities as evidence of common ownership; (3) evidence that the United States District Court for the Northern District of California, in a case that involved different claims and different legal theories,[2] concluded that it lacked jurisdiction over certain of the same defendants that Plaintiff now pursues in this Court; and (4) uncorroborated statements by Plaintiff's counsel regarding the "ease" with which intangible assets such as domain names and bank accounts can be transferred among corporate entities in order to conceal assets.

Plaintiff impugns all defendants on the basis of this dubious "evidence." Plaintiff asserts, for example, *on no basis other than the fact that his counsel does not understand the corporate structures of the defendants* that those corporate structures must exist for nefarious purposes alone. As still another example, Plaintiff asserts that individuals with whom he has never spoken and about whom he knows absolutely nothing committed perjury in a case heard by the United States District Court for the Northern District of California.[3]

In short, except for Plaintiff's own wild speculation, he has presented nothing to this Court that even suggests that any corporate asset currently possessed by the operator of the sexsearch.com website will not be available to satisfy a judgment against that operator in the very unlikely event that Plaintiff should prevail. There is absolutely no evidence that assets have been concealed in the past, or even that assets have been transferred between one corporation and another for any purposes – legitimate or not.

---

[2] In fact, the California case and this case appear to have nothing in common other than the fact that the Plaintiff in this case chose to name Experienced Internet.com, Inc. and Ms. Patricia Quesada as defendants in this case *based* largely upon the fact that each was named in the California action, *despite* actual knowledge that the California District Court determined that they were not proper defendants in the action before it.

[3] Transcript of this Court's March 2, 2007 hearing, p. 8, lines 13-18.

8

**Concerning the Potential Harm to Defendants from Unnecessarily Invasive Discovery:** First, for obvious reasons, this Court should not permit Plaintiff, under any circumstances, to obtain access to any information that may reveal the identity of any customer of any defendant. Plaintiff simply has no legitimate need for such information, under any circumstances.

Second, users of the internet are correctly concerned with issues of internet security, fraud, and identity theft. Even the suggestion that an unauthorized individual such as Plaintiff might obtain access to information identifying consumers of Defendants' internet services is likely to cause irreparable damage to Defendants' businesses.

Third, there is no reason Plaintiff should be given access to any information regarding any defendant that this Court concludes is not properly before it – whether this Court concludes that defendant must be dismissed because, the entire complaint lacks merit, that defendant has no minimum contacts with this forum or because that defendant's relationship, if any, to the website sexsearch.com is simply too remote to ever permit that defendant to be held liable to Plaintiff.

Fourth, the Court should be aware that Plaintiff has expressed a willingness to use this litigation to harm Defendants regardless of the merits of his claims. During the hearing regarding his request for a temporary restraining order, for example, Plaintiff's counsel asserted on the record in open Court that he intends to deliver information he develops during this case to others, specifically identifying counsel for the plaintiff in the California case. Plaintiff's counsel has made similar comments directly to Defendants, asserting for example that he is in contact with class action lawyers to whom he intends to deliver information regarding Defendants' businesses.

9

### III. CONCLUSION

In filing his complaint, Plaintiff launched an indiscriminate attack consisting of ill-conceived legal theories upon business entities that he does not understand and, for absolutely no discernable legitimate reason, against entities and individuals that Plaintiff *thinks* may have some connection to that business.  Plaintiff should be provided no additional information regarding Defendants that do not operate the sexssearch.com website.  Plaintiff alone is responsible for Plaintiff's decision to have sex with a child, multiple times, knowing she was underage or "being reckless in that regard" in the words of a lawfully impaneled grand jury of the State of Ohio.

Plaintiff's Motion for early discovery of information from a third party should be denied until such time as preliminary matters are determined by this Court, and, if necessary after that, the parties have exchanged information, and the Plaintiff demonstrates to this Court that he possesses a legitimate need for additional information regarding Defendants, if any, against which he might somehow prevail upon his questionable claims.

        Respectfully submitted,

        s/ Michael D. Dortch
        Micahel D. Dortch (0043897)
        KRAVITZ, BROWN & DORTCH, LLC
        145 East Rich Street
        Columbus, OH 43215
        614.464.2000
        614.464.2002
        mdortch@kravitzlaw.com

        Attorneys for Defendants
        STALLION.COM FSC, LIMITED;
        MANIC MEDIA, INC.;   DNR
        FIESTA CATERING INTERNATIONAL
        INC.,   MR. DAMIAN CROSS,   MR. ED
        KUNKEL,   MS. CAMELIA FRANCIS

## CERTIFICATE OF SERVICE

    A true copy of the foregoing was filed electronically this 5th day of April, 2007 with the Clerk of Court for the United States District Court, Northern District of Ohio, Western Division, and served electronically by operation of the Court's electronic filing system upon all counsel for all parties having entered an appearance in this matter.

        s/ Michael D. Dortch
        Michael D. Dortch