# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| John Doe, | Case No. 3:07CV604 |
| | |
| | Hon. Jack Zouhary |
| Plaintiff, | |
| | **DEFENDANT EXPERIENCED INTERNET.COM, INC.'S MOTION FOR CLARIFICATION OF EARLIER ORDER AND FOR PROTECTIVE ORDER; DECLARATION OF DANA MILMEISTER IN SUPPORT THEREOF** |
| v. | |
| | |
| SexSearch.com, et al., | |
| | |
| Defendants. | |
| | Richard M. Kerger (0015864) |
| | KERGER & ASSOCIATES |
| | 33 S. Michigan Street, Suite 100 |
| | Toledo, Ohio 43604 |
| | Telephone: (419) 255-5990 |
| | Fax: (419) 255-5997 |
| | |
| | Gary Jay Kaufman (*Pro hac vice*) |
| | Dana Milmeister (*Pro hac vice*) |
| | The Kaufman Law Group |
| | 1925 Century Park East |
| | Suite 2350 |
| | Los Angeles, California 90067 |
| | Telephone: (310) 286-2202 |
| | Fax: (310) 712-0023 |
| | |
| | Counsel for Specially Appearing Defendant Experienced Internet.com, Inc. |

Specially appearing defendant Experienced Internet.com, Inc. ("EIC") seeks clarification of the Court's order of March 21, 2007 regarding discovery and, if necessary, a protective order regarding information that may have been produced by Moniker Online Services, LLC ("Moniker").

During the status conference on March 21, 2007, at the Court's request, the parties agreed to informally exchange information regarding the proper parties, jurisdiction and the preliminary injunction hearing. (Dkt # 64). EIC's counsel, Richard M. Kerger, then began to address Plaintiff's motion for early discovery from Moniker to point out why early discovery should not be allowed, and Plaintiff's counsel, Mr. Boland, interrupted him and said he was not prepared to argue his motion for early discovery from Moniker and would do so in reply to our opposition to that motion. (Milmeister Decl., ¶ 2). The Court's order did not specifically mention discovery from Moniker, but based on the discussion during the conference, EIC's counsel assumed that the request for discovery from Moniker was not included. EIC requests that the Court clarify that order, since EIC believes that Plaintiff's request for discovery is overly broad, burdensome and seeks private information to which Plaintiff is not entitled at this or any juncture of the litigation. (Milmeister Decl., ¶ 2; Dkt ## 82, 83).

Additionally, based on Plaintiff's position in recent filings, it appears that Plaintiff may have obtained discovery from Moniker. If the Court clarifies its March 21 order to note that Moniker is not to produce early discovery to Plaintiff, and Plaintiff has already received such information, then EIC requests an order requiring Plaintiff to turn over all electronic and paper copies of the information produced to the Court for safekeeping until such time as the discovery is allowed. Alternatively, EIC requests an attorneys'-eyes-only protective order for the information. On Friday, March 30, 2007, EIC's counsel sent a draft protective order to Plaintiff's counsel, stating that no information would be provided

1

until a protective order was either entered or at least considered by the Court. (Milmeister Decl., Ex. A). Plaintiff responded to that request stating that he required a week to review the order with his co-counsel. (Milmeister Decl., Ex. B). EIC's counsel cannot understand why it takes one week to review the order, and yet Plaintiff's counsel had plenty of time to quickly file a motion to strike the parties' opposition to early discovery from Moniker. (Dkt 85). EIC is very concerned that Plaintiff's counsel intentionally did not agree to the protective order so he could obtain discovery from Moniker without being bound to protect the information as attorneys'-eyes-only. Hopefully, that is not the case. But if it is, EIC requests that an order be entered immediately to prevent dissemination of the information.

Additionally, EIC requests that the Court order that Plaintiff provide copies of all information produced by Moniker to the other parties, electronic and paper.

          Respectfully submitted,

          /s/ Richard M. Kerger
          RICHARD M. KERGER (0015864)
          Counsel for Specially Appearing Defendant
          Experienced Internet.com, Inc.

          /s/ Dana Milmeister
          Dana Milmeister (*pro hac vice*)
          Counsel for Specially Appearing Defendant
          Experienced Internet.com, Inc.

## DECLARATION OF DANA MILMEISTER

I, Dana Milmeister, declare and state as follows:

1. I am Of Counsel to The Kaufman Law Group, and, along with Gary Jay Kaufman, represent Experienced Internet.com, Inc. ("EIC"). The facts set out below are known to me personally, and if called on I could testify to those facts, under oath.

2. During the status conference on March 21, 2007, at the Court's request, the parties agreed to informally exchange information regarding the proper parties, jurisdiction and the preliminary injunction hearing. EIC's counsel, Richard M. Kerger, then began to address Plaintiff's motion for early discovery from Moniker to point out why early discovery should not be allowed, and Plaintiff's counsel, Mr. Boland, interrupted him and said he was not prepared to argue his motion for early discovery from Moniker and would do so in reply to our opposition to that motion. The Court's order did not specifically except discovery from Moniker, but based on the discussion during the conference, I assumed that the request for discovery from Moniker was not included. I have conferred with Mr. Kerger, who has the same memory of the conversation during the conference.

3. On Friday, March 30, I sent a draft protective order to Mr. Boland, stating that the parties would provide information to him upon entry of a protective order. Attached hereto as Exhibit A is a true and correct copy of my letter to Mr. Boland and the draft protective order. Mr. Boland responded that he needed a week to review the 14-paragraph, routine protective order. (Ex. B). I cannot understand why it takes one week to review the order, and yet Plaintiff's counsel had plenty of time to quickly file a motion to strike the parties' opposition to early discovery from Moniker. (Dkt #85). I am very

3

concerned that Plaintiff's counsel intentionally did not agree to the protective order so he could obtain discovery from Moniker without being bound to protect the information as attorneys'-eyes-only.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed on April 10, 2007 in Los Angeles, California.

                                        /s/ Dana Milmeister
                                        Dana Milmeister

**EXHIBIT A**

**THE KAUFMAN LAW GROUP**
A PROFESSIONAL CORPORATION
1925 CENTURY PARK EAST
SUITE 2350
LOS ANGELES, CALIFORNIA 90067
TEL (310) 286-2202
FAX (310) 712-0023

Direct Line: (310) 689-0572

March 30, 2007

SENT VIA FACSIMILE (866) 455-1267
& EMAIL

Dean Boland, Esq.
18123 Sloane Avenue
Lakewood, OH  44107

      Re:    Doe v. SexSearch.com, *et al.,* Case No. 3:07cv 00604-JZ
           United States District Court, No. Dist. Ohio

Dear Mr. Boland:

    We have received your informal discovery requests. These requests are inappropriate, premature and wholly overbroad. The Court did not authorize discovery requests and we will not respond with any objections at this time, except to say that we will not produce documents or information in response to the requests.

    We are in the process of collecting information that establishes, *inter alia*, the Court's lack of personal jurisdiction over our client. We understand that the other defendants represented by Kravitz Brown & Dortch and Jaffe Raitt Heuer and Weiss are also gathering information for the same purpose. However, all of this information is confidential business information, maintained and protected as trade secrets by the entity defendants.

    Attached is a stipulated protective order that provides for an "attorneys' eyes only" proviso, and that confidential material be filed under seal.

    Please let me know by Monday morning, April 2, 2007, whether you and Ms. Hawkins will stipulate to the protective order. If we do not hear from you, we will file a motion for protective order. We will provide information after Court enters a protective order.

    Separately, further to my letter of yesterday, please fax your client's verification of the complaint to me as soon as possible. We are perplexed as to why we still do not have it. If he is unwilling to verify the complaint, please let us know immediately.

**THE KAUFMAN LAW GROUP**
A PROFESSIONAL CORPORATION

Dean Boland, Esq.
03/30/07
Page 2 of 2

    Thank you for your anticipated cooperation.

                                            Sincerely,

                                            Dana Milmeister

DM:ch
Attachment

cc: Richard Kerger, Esq.
    Scott Torpey, Esq.
    William Adams, Esq.
    Max Kravitz, Esq.
    Michael Dortch, Esq.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| John Doe, | ) | Case No. 3:07CV604 |
| | ) | |
| | ) | Hon. Jack Zouhary |
| Plaintiff, | ) | |
| | ) | **STIPULATED PROTECTIVE** |
| | ) | **ORDER** |
| v. | ) | |
| | ) | Richard M. Kerger (0015864) |
| | ) | KERGER & ASSOCIATES |
| SexSearch.com, et al., | ) | 33 S. Michigan Street, Suite 100 |
| | ) | Toledo, Ohio 43604 |
| | ) | Telephone: (419) 255-5990 |
| Defendants. | ) | Fax: (419) 255-5997 |
| | ) | |
| | ) | Counsel for Specially Appearing |
| | ) | Defendant Experienced Internet.com, |
| | ) | Inc. |

The parties hereto, through their respective attorneys of record, enter into this Stipulated Protective Order with respect to the above-referenced matter:

WHEREFORE, THE PARTIES HEREBY STIPULATE AND AGREE TO THE FOLLOWING PROTECTIVE ORDER:

DESIGNATION OF CONFIDENTIALITY:

1. Any information, thing or document (or any portion thereof) subject to discovery or otherwise provided in the course of this action (an "Item") may be designated "CONFIDENTIAL" or "CONFIDENTIAL--RESTRICTED ACCESS" by the party furnishing the Item (the "Designating Party") or as provided in paragraph 2. The treatment of items so designated ("Confidential Material") shall be governed by the terms of this Stipulation and Order.

PRODUCTION BY THIRD PARTIES

2. Any Item produced by a person or entity not a party to this case (a "Third-Party Item") shall be deemed "CONFIDENTIAL" for a period of twenty-one days from the date of production, unless otherwise agreed to in writing by the parties. A Third-Party Item may be designated as Confidential Material by the third-party producing the item and/or a party to this action within twenty-one days of the date of production, or later as the parties may agree in writing. Any Third-Party Item designated as Confidential Material shall be so marked by all parties in possession of the Third-Party Item, and shall be subject to the terms and conditions of this Stipulation and Order. If a Third-Party Item has not been designated as Confidential Material within twenty-one days from the date of production, the Third-Party Item will no longer be deemed Confidential Material, nor treated as such.

METHODS OF DESIGNATION

3. Confidential Material shall be designated and marked in the following manners:
   a. Documents: The Designating Party may designate documents as Confidential Material by producing or serving copies of the document marked with a legend reading "CONFIDENTIAL" or "CONFIDENTIAL--RESTRICTED ACCESS" or other appropriate notice to similar effect. Such legend shall be placed upon the first page of each document so designated.

b. <u>Magnetic Media Documents</u>: Where a document is produced in a magnetic medium (such as compact disc, dvd, floppy diskette or tape), the cartridge, reel, or medium container shall be marked as set forth above.

c. <u>Physical Exhibits</u>: Physical exhibits shall be marked by placing a label on the exhibit marked as set forth above.

d. <u>Deposition Testimony</u>: All deposition testimony shall be deemed CONFIDENTIAL and treated as Confidential Material. In addition, a party may designate deposition testimony "CONFIDENTIAL-RESTRICTED ACCESS" by stating that designation on the record at any time during the deposition. Any transcript, or portion thereof, designated "CONFIDENTIAL--RESTRICTED ACCESS" shall be bound separately, and marked "CONFIDENTIAL--RESTRICTED ACCESS."

<u>DISCLOSURE OF CONFIDENTIAL MATERIAL</u>

4. Confidential Material designated as "CONFIDENTIAL" shall be disclosed, other than by the Designating Party or Parties, only as follows:

a. to counsel of record for the parties in this action and such counsel's support staff;

b. to any party to this action, or present or former employee of such party to whom the material is necessary to show for purposes of this action;

c. to a bona fide outside expert, not affiliated with any party in this action or any competitor of any party to this action, or any other person involved in litigation with any party or their attorneys, and who is being consulted or retained by counsel in this litigation;

d. to any person whose name appears on or is contained in the Item;

e. to any witness in this action during deposition or trial;

f. to clerical or ministerial service providers, including outside copying services and court reporters retained by a party's counsel to assist such counsel in connection with this action;

g. to the Court, and its support personnel; and

      h. to any other person to whom the parties consent in writing, which consent shall not be unreasonably withheld.

5. Confidential Material designated "CONFIDENTIAL--RESTRICTED ACCESS" shall be disclosed, other than by the Designating Party or Parties, only as follows:

      a. to counsel of record for the parties in this action and such counsel's support staff;

      b. to a bona fide outside expert, not affiliated with any party in this action or any competitor of such party, or any other person involved in litigation with any party or their attorneys, and who is being consulted or retained by counsel in this litigation;

      c. to the author of the Item and anyone shown on the Item as having received it in the ordinary course of business;

      d. to any witness in this action during deposition or at trial;

      e. to clerical or ministerial service providers, including outside copying services and court reporters retained by a party's counsel to assist such counsel in connection with this action;

      f. to the Court and its support personnel;

      g. to any other person to whom the parties consent in writing, which consent shall not be unreasonably withheld.

ACKNOWLEDGMENT TO BE BOUND BY STIPULATION AND ORDER

6. Each person to whom Confidential Material is to be made available, except for counsel of record and its support staff and authors or prior recipients of the Confidential Material, shall first acknowledge in writing that they have reviewed the terms of this Stipulation and Order and are subject to the jurisdiction of the Court in enforcing this Stipulation and Order, by executing the form Confidentiality Agreement attached hereto as Attachment A. The parties shall each maintain a list of persons executing the form Confidentiality Agreement and shall exchange such lists at the conclusion of this trial.

NO DISCLOSURE EXCEPT PURSUANT TO ORDER

7. Confidential Material shall not be made available to any person except as authorized under this Stipulation and Order. Confidential Material shall not be used for any purpose other than the prosecution or defense of claims asserted in this action. In no event shall any person receiving Confidential Material use it for commercial or competitive purposes or make any public disclosure of its contents.

PROCEDURE FOR CHALLENGING "CONFIDENTIAL" DESIGNATIONS AND DISCLOSURES MADE THEREUNDER:

8. In the event any party objects to the designation of Confidential Material as "CONFIDENTIAL--RESTRICTED ACCESS," the objecting party shall notify the Designating Party in writing within fifteen (15) days. The parties shall then meet and confer in an effort to resolve any such dispute informally. In the event that the dispute is not resolved informally, the objecting party may apply to the Court for either a ruling changing the designation of the Item in dispute to "CONFIDENTIAL" or a ruling that the Item is not Confidential Material. The "CONFIDENTIAL--RESTRICTED ACCESS" designation of any Item for which such an application is made shall be maintained until the Court rules on the application. Such a dispute shall not be grounds for delay of or refusal to permit further discovery.

9. In the event any party objects to the designation of Confidential Material as "CONFIDENTIAL," the objecting party shall notify the Designating Party in writing within fifteen (15) days. The parties shall then meet and confer in an effort to resolve any such dispute informally. In the event that the dispute is not resolved informally, the objecting party may apply to the Court for a ruling that the Item is not Confidential Material. The "CONFIDENTIAL" designation of any Item for which such an application is made shall be maintained until the Court rules on the application. Such a dispute shall not be grounds for delay of or refusal to permit further discovery.

NO ADMISSION

10. This Stipulation and Order is not, and shall not be construed as an admission by any party that any information provided in this case and not designated CONFIDENTIAL is not proprietary or confidential information.

RETURN OR DISPOSAL OF CONFIDENTIAL INFORMATION

11. Within sixty days after termination of this case and the expiration of time for any challenges, all originals and copies of Confidential Material shall be returned to the Designating Party, or, at the direction of the Court or Designating Party, be destroyed. All extracts from Confidential Material, summaries and compilations thereof, and all written, graphic, and recorded versions of information therein shall be destroyed by each recipient of the Confidential Material so summarized, compiled or copied. Furthermore, the termination of this action shall not thereafter relieve the parties of the obligation of maintaining the confidentiality of all Confidential Material received pursuant to this Stipulation and Order.

ADDITIONAL PROTECTION OF CONFIDENTIAL MATERIAL

12. Nothing herein shall be deemed to preclude any party from producing Items in redacted form or from asserting, seeking or obtaining, on an appropriate showing, such additional protection as that party may deem appropriate.

COUNTERPARTS

13. This stipulated protective order may be executed in one or more counterparts, all of which, when taken together, shall be deemed to constitute one and the same agreement. Faxed or electronically stored signatures shall be treated as original ink signatures.

Dated: March __, 2007        DEAN BOLAND, Attorney at law


By: _____
DEAN BOLAND
Attorney for Plaintiff, John Doe



By: _____
BRANDIE HAWKINS
Attorney for Plaintiff, John Doe

Dated: March __, 2007                KERGER & ASSOCIATES


By: _____
    RICHARD M. KERGER
Attorneys for Specially Appearing Defendant
Experienced Internet.com, Inc.



Dated: March __, 2007                THE KAUFMAN LAW GROUP


By: _____
    DANA MILMEISTER
Attorneys for Specially Appearing Defendant
Experienced Internet.com, Inc.



Dated: March __, 2007                JAFFE RAITT HEUER & WEISS


By: _____
    SCOTT R. TORPEY
Attorneys for Specially Appearing Defendant
Cyber Flow Solutions, Inc.

Dated: March __, 2007                KRAVITZ, BROWN & DORTCH, LLC


By: _____
    MICHAEL D. DORTCH
Attorneys for Specially Appearing Defendants
Stallion.Com FSC Limited, DNR, and
Manic Media

**O R D E R**

APPROVED AND SO ORDERED:

DATED:

_____
The Hon. Jack Zouhary

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| John Doe, | ) | Case No. 3:07CV604 |
| | ) | |
| | ) | Hon. Jack Zouhary |
| Plaintiff, | ) | |
| | ) | **STIPULATED PROTECTIVE** |
| | ) | **ORDER** |
| v. | ) | |
| | ) | Richard M. Kerger (0015864) |
| | ) | KERGER & ASSOCIATES |
| SexSearch.com, et al., | ) | 33 S. Michigan Street, Suite 100 |
| | ) | Toledo, Ohio 43604 |
| | ) | Telephone: (419) 255-5990 |
| Defendants. | ) | Fax: (419) 255-5997 |
| | ) | |
| | ) | Counsel for Specially Appearing |
| | ) | Defendant Experienced Internet.com, |
| | ) | Inc. |
| | ) | |

The undersigned acknowledges receipt and review of the protective order previously entered into in this matter, understands the terms and conditions thereof, is among those "qualified" persons specified therein as entitled to review "Confidential Material," as defined therein, and agrees to be bound by the terms of such Order. Upon the termination of this action, the undersigned also agrees to cause the return of all such documents, including all copies or notes thereof, to the counsel for the party who produced such document.

Date:

By:_____

**EXHIBIT B**

### Dana Milmeister

**From:** Dean Boland [dean@deanboland.com]
**Sent:** Monday, April 02, 2007 9:20 PM
**To:** Dana Milmeister; Mike Dortch
**Subject:** Protective Order Offer

Ms. Milmeister and Mr. Dortch:

I will be discussing your proposed protective order with co-counsel this week.

Dean Boland.



dean boland, attorney at law
www.deanboland.com
dean@deanboland.com
18123 Sloane Avenue
Lakewood, Ohio 44107
216.529.9371 phone
216.803.2131 fax

CERTIFICATE OF SERVICE

      This is to certify that a copy of the foregoing has been electronically filed this 10th day of April, 2007. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's System.

                                              /s/ Dana Milmeister