UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| John Doe, | Case No.: 3:07-cv-604 |
| PLAINTIFF, | |
| | Judge Jack Zouhary |
| vs. | |
| SexSearch.com, et al., | PLAINTIFF'S RESPONSE TO DEFENDANTS' ORAL MOTION FOR PROTECTIVE ORDER SUBMITTED BY LETTER |
| DEFENDANTS. | |

Now comes Plaintiff, John Doe, by and through his undersigned Counsel and respectfully submits this Response to the Defendants' Oral Motion for a Protective Order through a proposed copy of said order being submitted by letter to this Honorable Court.

1

**BRIEF IN RESPONSE TO ORAL MOTION FOR PROTECTIVE ORDER**

This Honorable Court held a phone status conference on April 10, 2007 where in all parties were represented by Counsel. Prior to that phone status conference, Defendants', collectively, submitted a proposed protective order (Exhibit 1) by letter communication to the court. (Exhibit 2). That proposed order had previously been submitted to Plaintiff and rejected in its entirety. During the phone status conference it was conveyed to Counsel for Plaintiff that as to that protective order, the court indicated that it was inclined to grant the order as written unless Plaintiff's Counsel could demonstrate that the order was illegal, improper, or Plaintiff's Counsel had some other compelling objections to it. Plaintiff's Counsel then indicated some concerns about the order and the court directed the parties to negotiate their respective issues with the order following the phone status conference with the court. Some minimal discussion was had, and the conference call with the parties was rescheduled until Thursday, April 12, 2007 at 3:30pm. Plaintiffs' Counsel sought additional time for the opportunity to confer and respond accordingly given that Counsel for Plaintiff, Hawkins had recently had some serious medical complications preventing her from thoroughly considering the Protective Order in the first instance. Having now conferred, Counsel for Plaintiff steadfastly maintain that the proposed protective order fails to comply with the civil rules, existing case law interpreting those rules, is far-reaching and overbroad for a variety of reasons which will be set forth in the following Memorandum of Law. There are no parts which Counsel would be willing to agree to at this juncture.

**Rule Regarding Pre-Trial Protective Orders Sealing Discovery**

Federal Rule of Civil Procedure 26(c) governs discovery related protective orders. The general rule is that pre-trial discovery proceedings are conducted in public unless a compelling reason exists to deny the public access. See, American Telephone & Telegraph Co. v. Grady, 594 F.2d 594, 596 (7th Cir. 1979); See also, Parsons v. General Motors Corp., 85 F.R.D. 724, 726 (N.D.Georgia 1980); Essex

2

Wire Corp. v. Eastern Electric Sales Co., 48 F.R.D. 308, 310 (E.D.Pa.1969).

### Burden of Proof is on Defendants' seeking Discovery Protective Orders and Burden is High

At the phone status conference, this Honorable Court indicated it was inclined to grant Defendants' proposed order unless Plaintiff could persuade this Court that the order was defective for the basis previously expressed.  This approach effectively shifted the burden to Plaintiff to demonstrate that the order did not comply with the intent of Rule 26(c) or relevant case law.  However, case law is clear that the burden of proof lies with the moving party, the Defendants.  Defendants' bear the burden to demonstrate that the proposed discovery protective order is proper under the rule.  Defendants' have made no such showing with their argument in briefs and bald assertions that are insufficient, as a matter of law, to sustain that burden.

The party seeking a protective order under Civil Rule 26 bears the burden of demonstrating the "good cause" required to support issuing such an order.  Monaco v. Miracle Adhesives Corp., 27 F.R.Serv.2d 1401, 1401 (E.D.Pa.1979); Reliance Insurance Co. v. Barron's, 428 F. Supp. 200, 202 (S.D.N.Y.1977); Davis v. Romney, 55 F.R.D. 337, 340 (E.D.Pa.1972).

A high standard of prejudice is required for a protective order on trials or pretrial discovery. Columbia Broadcasting Systems, Inc. v. U.S. District Court, 729 F.2d 1174 (9th Cir. 1984) 35 Crim. L. Rptr. 2058 (April 25, 1984).

### Test Defendants' Must Meet to Entitle Them to Granting of Protective Order Motion

To obtain a protective order under Fed.R.Civ.P. 26(c)(7), regarding alleged trade secrets the Defendants' must show:

> 1) that the material is a trade secret or other confidential information; and
> 2) that disclosure would "work a clearly defined and very serious injury."

United States v. IBM, 67 F.R.D. 40, 46 (S.D.N.Y.1976); Accord, Monaco v. Miracle Adhesives Corp., 27 F.R.Serv.2d 1401, 1401 (E.D.Pa.1979) at 1401-02; See also, Essex Wire Corp. v. Eastern Electric

3

Sales Co., 48 F.R.D. 308, 310 (E.D.Pa.1969) ("great competitive disadvantage and irreparable harm"); Parsons v. General Motors Corp., 85 F.R.D. 724 at 726 (N.D.Georgia 1980) ("create a competitive disadvantage").

### Vague Allegations of Harm are Insufficient

Vague and conclusory allegations of confidentiality and competitive harm are insufficient. Defendants' must make "a particularized showing that the information sought is confidential" and come forth with "specific examples" of competitive harm. Parsons at 726. See also, General Dynamics Corp. v. Selb Mfg. Co., 481 F.2d 1204, 1212 (8th Cir. 1973) (quoting 7 Wright & Miller, Federal Practice & Procedure § 2035 at 265). This showing is required in order to obtain any discovery protective order and Defendants have not made it.

Defendants must demonstrate a "specific harm." (Monaco). Courts have also found that mere speculation of some harm is insufficient. United States v. IBM Co., supra (value of data to competitors was "speculative"); Hunter v. International Systems v. Controls Corp., 51 F.R.D. 251, 255 (W.D.Mo.1970) (specify "precisely how the disclosure of the information would prejudice defendant"); Essex at 312 (show a "clearly defined injury"). Defendants' have made no such showing justifying the granting of their proposed discovery protective order.

### Order Identical To Defendants' Proposed Order Previously Rejected by Courts

In Waelde v. Merck, Sharp and Dohme 94 F.R.D. 27, the Court denied a motion for a discovery protective order. It ruled the request and proposed protective order as overbroad.

> Defendant's proposed protective order seeks to protect…any documents or deposition testimony elicited during the course of discovery in this action. Defendant proposes that any document or testimony it designates as confidential would be protected by the protective order. The order provides not only that the protected information not be used other than for purposes of this action, but also that the information designated as confidential be sealed and labeled as such in the Court's files….

(Id).

4

This is precisely the order Defendants' seek in the instant Matter.  The court in Waelde characterized the proposed order as "[amounting] to a blanket protective order, which would apply to any information defendant, cares to characterize as confidential.  This is not the intent of Rule 26…."  The Defendants' proposed order seeks to enable them to designate every document produced as confidential.  That is simply not permitted.

## 6th Circuit Rule Regarding Discovery Protective Orders

Stressing the long history and vital role of public trials in our system of justice, the 6th Circuit has held that the First Amendment and the common law limit the discretion of trial courts to seal court documents.  Brown & Williamson Tobacco Corp. v. FTC, 710 F.2d 1165, 1177 (6th Cir. 1983).   Open trials, the court held, "provide the community with a basis for court decisions or an informed analysis or critique of the courts, as well as a catharsis and outlet for the community."  Id. (citing Richmond Newspapers, Inc. v. Virginia, 448 U.S. 555, 571 (1980). Additionally, the court stressed that open courts induce members of the public to come forward with evidence, make witnesses less inclined to perjure themselves, and reduce concealment of corruption. (Id. at 1178-79).  This court has previously held that "Plaintiff has successfully shown that these wholly-internet businesses have been designed with a system of veiled ownership, divided assets, misnamed corporations, and hidden information, for which there is no legitimate business purpose.  Further, a few of the Defendants in this case have used this 'shell game' to evade federal jurisdiction in the past." (Dkt. #11 at 1-2).  Granting the proposed order fails to satisfy Rule 26(c) and case law interpreting that rule.  A protective order sealing all Defendants' discovery merely assists Defendants in keeping their information hidden.  "[T]here are limited exceptions to the 'strong presumption in favor of openness' in cases where it is necessary to protect the privacy rights of participants or third parties, trade secrets, national security, or the right to a fair trial, and where necessary to preserve order in the courtroom." Brown & Williamson at 1179.

Simply showing information would harm a company's reputation is insufficient to overcome this presumption. (Id).

### First Amendment Rights Implicated in Rule 26(c)(7) Decision

Individuals do not waive First Amendment rights merely by participating in trials. In re Halkin, 194 U.S. App. D.C. 257, 598 F.2d 176 at 188-189 (D.C. Cir. 1979). In Halkin, the court struck down a protective order that prohibited parties and counsel from disclosing material or making extra-judicial statements about information produced through discovery.

Wherefore, Plaintiff respectfully submits this written response to Defendants' Oral Motion for a Protective Order. The oral motion failed to satisfy Civil Rule 26(c), 26(c)(7) or comport with existing case law interpreting that rule as well as the First Amendment. Plaintiff has no burden to demonstrate the impropriety of the proposed order, rather, Defendants have the burden to make the specific and particularized showing indicated above and cannot, under current case law, obtain a blanket discovery protection order for all information required to be provided in discovery. The burden remains on Defendants', seeking the order, to satisfy the showing required pursuant to rule and the principle of stare decisis.

/s/Dean Boland
Dean Boland, 0065693
18123 Sloane Avenue
Lakewood, Ohio 44107
dean@deanboland.com
216.529.9371 phone
216.803.2131 fax
Attorney for John Doe

/s/Brandie L. Hawkins
Brandie L. Hawkins, 0078485

6

                        124 S. Metcalf Street
                        Lima Ohio 45801
                        419.225.5706 ph
                        419.225.6003 fax
                        Attorney for John Doe

## CERTIFICATE OF SERVICE

A copy of the foregoing Plaintiff's Response to Defendants' Oral Motion for Protective Order Submitted by Letter was served by operation of the court's electronic filing system on all parties on the date of its filing.

                        /s/Dean Boland
                        Dean Boland (0065693)