# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | |
|---|---|
| John Doe,       ) <br>            ) <br>            ) <br>     Plaintiff,  ) <br>            ) <br>            ) <br> v.           ) <br>            ) <br>            ) <br> SexSearch.com, et al.,  ) <br>            ) <br>            ) <br>     Defendants. ) <br>            ) <br>            ) <br>            ) <br>            ) <br>            ) <br>            ) | Case No. 3:07CV604 <br><br> Hon. Jack Zouhary <br><br> **STIPULATED PROTECTIVE ORDER** <br><br> Richard M. Kerger (0015864) <br> KERGER & ASSOCIATES <br> 33 S. Michigan Street, Suite 100 <br> Toledo, Ohio 43604 <br> Telephone: (419) 255-5990 <br> Fax: (419) 255-5997 <br><br> Counsel for Specially Appearing <br> Defendant Experienced Internet.com, Inc. |

The parties hereto, through their respective attorneys of record, enter into this Stipulated Protective Order with respect to the above-referenced matter:

WHEREFORE, THE PARTIES HEREBY STIPULATE AND AGREE TO THE FOLLOWING PROTECTIVE ORDER:

DESIGNATION OF CONFIDENTIALITY:

1. Any information, thing or document (or any portion thereof) subject to discovery or otherwise provided in the course of this action (an "Item") may be designated "CONFIDENTIAL" or "CONFIDENTIAL--RESTRICTED ACCESS" by the party furnishing the Item (the "Designating Party") or as provided in paragraph 2. The treatment of items so designated ("Confidential Material") shall be governed by the terms of this Stipulation and Order.

PRODUCTION BY THIRD PARTIES

2. Any Item produced by a person or entity not a party to this case (a "Third-Party Item") shall be deemed "CONFIDENTIAL" for a period of twenty-one days from the date of production, unless otherwise agreed to in writing by the parties. A Third-Party Item may be designated as Confidential Material by the third-party producing the item and/or a party to this action within twenty-one days of the date of production, or later as the parties may agree in writing. Any Third-Party Item designated as Confidential Material shall be so marked by all parties in possession of the Third-Party Item, and shall be subject to the terms and conditions of this Stipulation and Order. If a Third-Party Item has not been designated as Confidential Material within twenty-one days from the date of production, the Third-Party Item will no longer be deemed Confidential Material, nor treated as such.

METHODS OF DESIGNATION

3. Confidential Material shall be designated and marked in the following manners:
    a. <u>Documents</u>: The Designating Party may designate documents as Confidential Material by producing or serving copies of the document marked with a legend reading "CONFIDENTIAL" or "CONFIDENTIAL--RESTRICTED ACCESS" or other appropriate notice to similar effect. Such legend shall be placed upon the first page of each document so designated.

    b. <u>Magnetic Media Documents</u>: Where a document is produced in a magnetic medium (such as compact disc, dvd, floppy diskette or tape), the cartridge, reel, or medium container shall be marked as set forth above.

    c. <u>Physical Exhibits</u>: Physical exhibits shall be marked by placing a label on the exhibit marked as set forth above.

    d. <u>Deposition Testimony</u>: All deposition testimony shall be deemed CONFIDENTIAL and treated as Confidential Material. In addition, a party may designate deposition testimony "CONFIDENTIAL-RESTRICTED ACCESS" by stating that designation on the record at any time during the deposition. Any transcript, or portion thereof, designated "CONFIDENTIAL--RESTRICTED ACCESS" shall be bound separately, and marked "CONFIDENTIAL--RESTRICTED ACCESS."

<u>DISCLOSURE OF CONFIDENTIAL MATERIAL</u>

4. Confidential Material designated as "CONFIDENTIAL" shall be disclosed, other than by the Designating Party or Parties, only as follows:

    a. to counsel of record for the parties in this action and such counsel's support staff;

    b. to any party to this action, or present or former employee of such party to whom the material is necessary to show for purposes of this action;

    c. to a bona fide outside expert, not affiliated with any party in this action or any competitor of any party to this action, or any other person involved in litigation with any party or their attorneys, and who is being consulted or retained by counsel in this litigation;

    d. to any person whose name appears on or is contained in the Item;

    e. to any witness in this action during deposition or trial;

    f. to clerical or ministerial service providers, including outside copying services and court reporters retained by a party's counsel to assist such counsel in connection with this action;

    g. to the Court, and its support personnel; and

      h. to any other person to whom the parties consent in writing, which consent shall not be unreasonably withheld.

5. Confidential Material designated "CONFIDENTIAL--RESTRICTED ACCESS" shall be disclosed, other than by the Designating Party or Parties, only as follows:

      a. to counsel of record for the parties in this action and such counsel's support staff;

      b. to a bona fide outside expert, not affiliated with any party in this action or any competitor of such party, or any other person involved in litigation with any party or their attorneys, and who is being consulted or retained by counsel in this litigation;

      c. to the author of the Item and anyone shown on the Item as having received it in the ordinary course of business;

      d. to any witness in this action during deposition or at trial;

      e. to clerical or ministerial service providers, including outside copying services and court reporters retained by a party's counsel to assist such counsel in connection with this action;

      f. to the Court and its support personnel;

      g. to any other person to whom the parties consent in writing, which consent shall not be unreasonably withheld.

ACKNOWLEDGMENT TO BE BOUND BY STIPULATION AND ORDER

6. Each person to whom Confidential Material is to be made available, except for counsel of record and its support staff and authors or prior recipients of the Confidential Material, shall first acknowledge in writing that they have reviewed the terms of this Stipulation and Order and are subject to the jurisdiction of the Court in enforcing this Stipulation and Order, by executing the form Confidentiality Agreement attached hereto as Attachment A. The parties shall each maintain a list of persons executing the form Confidentiality Agreement and shall exchange such lists at the conclusion of this trial.

NO DISCLOSURE EXCEPT PURSUANT TO ORDER

7. Confidential Material shall not be made available to any person except as authorized under this Stipulation and Order. Confidential Material shall not be used for any purpose other than the prosecution or defense of claims asserted in this action. In no event shall any person receiving Confidential Material use it for commercial or competitive purposes or make any public disclosure of its contents.

PROCEDURE FOR CHALLENGING "CONFIDENTIAL" DESIGNATIONS AND DISCLOSURES MADE THEREUNDER:

8. In the event any party objects to the designation of Confidential Material as "CONFIDENTIAL--RESTRICTED ACCESS," the objecting party shall notify the Designating Party in writing within fifteen (15) days. The parties shall then meet and confer in an effort to resolve any such dispute informally. In the event that the dispute is not resolved informally, the objecting party may apply to the Court for either a ruling changing the designation of the Item in dispute to "CONFIDENTIAL" or a ruling that the Item is not Confidential Material. The "CONFIDENTIAL--RESTRICTED ACCESS" designation of any Item for which such an application is made shall be maintained until the Court rules on the application. Such a dispute shall not be grounds for delay of or refusal to permit further discovery.

9. In the event any party objects to the designation of Confidential Material as "CONFIDENTIAL," the objecting party shall notify the Designating Party in writing within fifteen (15) days. The parties shall then meet and confer in an effort to resolve any such dispute informally. In the event that the dispute is not resolved informally, the objecting party may apply to the Court for a ruling that the Item is not Confidential Material. The "CONFIDENTIAL" designation of any Item for which such an application is made shall be maintained until the Court rules on the application. Such a dispute shall not be grounds for delay of or refusal to permit further discovery.

NO ADMISSION

10. This Stipulation and Order is not, and shall not be construed as an admission by any party that any information provided in this case and not designated CONFIDENTIAL is not proprietary or confidential information.

RETURN OR DISPOSAL OF CONFIDENTIAL INFORMATION

11. Within sixty days after termination of this case and the expiration of time for any challenges, all originals and copies of Confidential Material shall be returned to the Designating Party, or, at the direction of the Court or Designating Party, be destroyed. All extracts from Confidential Material, summaries and compilations thereof, and all written, graphic, and recorded versions of information therein shall be destroyed by each recipient of the Confidential Material so summarized, compiled or copied. Furthermore, the termination of this action shall not thereafter relieve the parties of the obligation of maintaining the confidentiality of all Confidential Material received pursuant to this Stipulation and Order.

ADDITIONAL PROTECTION OF CONFIDENTIAL MATERIAL

12. Nothing herein shall be deemed to preclude any party from producing Items in redacted form or from asserting, seeking or obtaining, on an appropriate showing, such additional protection as that party may deem appropriate.

COUNTERPARTS

13. This stipulated protective order may be executed in one or more counterparts, all of which, when taken together, shall be deemed to constitute one and the same agreement. Faxed or electronically stored signatures shall be treated as original ink signatures.

Dated: March __, 2007           DEAN BOLAND, Attorney at law


                                By: _____
                                    DEAN BOLAND
                                    Attorney for Plaintiff, John Doe



                                By: _____
                                    BRANDIE HAWKINS
                                    Attorney for Plaintiff, John Doe

Dated: March __, 2007         KERGER & ASSOCIATES


By: _____
    RICHARD M. KERGER
Attorneys for Specially Appearing Defendant
Experienced Internet.com, Inc.



Dated: March __, 2007         THE KAUFMAN LAW GROUP


By: _____
    DANA MILMEISTER
Attorneys for Specially Appearing Defendant
Experienced Internet.com, Inc.


Dated: March __, 2007         JAFFE RAITT HEUER & WEISS


By: _____
    SCOTT R. TORPEY
Attorneys for Specially Appearing Defendant
Cyber Flow Solutions, Inc.

Dated: March __, 2007         KRAVITZ, BROWN & DORTCH, LLC


By: _____
    MICHAEL D. DORTCH
Attorneys for Specially Appearing Defendants
Stallion.Com FSC Limited, DNR, and
Manic Media

**ORDER**

APPROVED AND SO ORDERED:

DATED:

_____
The Hon. Jack Zouhary

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| John Doe, | ) | Case No. 3:07CV604 |
| | ) | |
| | ) | Hon. Jack Zouhary |
| Plaintiff, | ) | |
| | ) | **STIPULATED PROTECTIVE** |
| | ) | **ORDER** |
| v. | ) | |
| | ) | Richard M. Kerger (0015864) |
| | ) | KERGER & ASSOCIATES |
| SexSearch.com, et al., | ) | 33 S. Michigan Street, Suite 100 |
| | ) | Toledo, Ohio 43604 |
| | ) | Telephone: (419) 255-5990 |
| Defendants. | ) | Fax: (419) 255-5997 |
| | ) | |
| | ) | Counsel for Specially Appearing |
| | ) | Defendant Experienced Internet.com, |
| | ) | Inc. |
| | ) | |

The undersigned acknowledges receipt and review of the protective order previously entered into in this matter, understands the terms and conditions thereof, is among those "qualified" persons specified therein as entitled to review "Confidential Material," as defined therein, and agrees to be bound by the terms of such Order. Upon the termination of this action, the undersigned also agrees to cause the return of all such documents, including all copies or notes thereof, to the counsel for the party who produced such document.

Date:

By:_____