William D. Adams
wadams@jaffelaw.com

April 11, 2007

Hon. Jack Zouhary                                                                  **VIA FACSIMILE**
U.S. District Court
1716 Spielbusch Ave.
Toledo, OH 43624-1347
Fax: 429-213-5680

      Re:    *Doe v Sexsearch.com, et al.*, Case No. 3:07CV604

Dear Judge Zouhary:

The parties cannot agree to a joint statement of issues for today's phone conference regarding plaintiff's informal discovery requests, so the parties are submitting their separate statements set forth below:

**Plaintiff's proposed statement is**:

Plaintiff submitted informal discovery to Defendants Cyber Flow, DNR, Damian Cross, Experienced Internet.com, Inc., Stallion, Fiesta Catering International, Ed Kunkel and Camelia Francis. Defendants represented by Mr. Dortch and Mr. Kerger refused to provide any responses to that informal discovery request. CyberFlow did not respond either way to the discovery request. We are seeking the court's guidance as to how to proceed with discovery in preparation for the April 16, 2007 hearing.

**Defendants' proposed statement is**:

The following statement of issues has been agreed upon by attorneys Max Kravits and Michael Dortch (on behalf of specially appearing defendants Stallion.com FSC Ltd.; Manic Media (a/k/a Manic Media, Inc.); Fiesta Catering International Ltd.; DNR.com Ltd.; Damian Cross; Ed Kunkel; and Camelia Francis); Scott R. Torpey and William D. Adams (on behalf of specially appearing defendants Cyber Flow Solutions Inc. and Richard Levine); and Richard Kerger, Dana Milmeister, and Gary Kaufman (on behalf of specially appearing defendants Experienced Internet.com, Inc., Mauricio Bedoya, and Patricia Quesada).

In light of this Court's directive that the parties engage in limited informal discovery on the issue of which defendant(s), if any, are proper parties, plaintiff's counsel sent letters to each

1371142.01

Judge Zouhary
April 11, 2007
Page 2

defense attorney seeking discovery that plaintiff's counsel claims is necessary to enable him to prepare for the April 16, 2007, hearing. In defense counsel's estimation, plaintiff's counsel requests information that goes beyond the issue of whether the named defendants are proper parties and, instead, seeks detailed, confidential information concerning defendants' proprietary business matters to which plaintiff is not entitled at this juncture, if ever.

Defendants' position that before they can even begin to discuss the particulars of plaintiff's discovery requests and attempt to negotiate a resolution to the informal discovery impasse, it is imperative that the parties execute a stipulated protective order shielding defendants' proprietary business information from all but attorneys' eyes and the eyes of this Court. To that end, on March 30, 2007, plaintiff's counsel was presented with a proposed protective order, which plaintiff's counsel claimed would take approximately one week to review. On April 10, 2007, plaintiff's counsel rejected the proposed protective order.

In a related attempt to render the issue of informal discovery moot and, in the interests of judicial economy, streamline this Court's approach to the issues now pending, Cytek, Ltd., the Barbados corporation that actually operates the www.sexsearchcom website and controls the domain, offered plaintiff's counsel the following deal: If the Court approves, then in exchange for temporarily tabling all outstanding issues concerning the proper party defendant(s) and personal jurisdiction as to the presently-named defendants, Cytek would enter this case voluntarily as a defendant, waive any and all issues of service of process or personal jurisdiction, and immediately file a Rule 12(b)(6) motion to dismiss plaintiff's claims, which are stated in a collective fashion against all defendants. Under this approach, this Court could rule on the merits of plaintiff's claims without jeopardizing the other defendants' personal jurisdiction arguments or prejudicing plaintiff in any way. Because plaintiff's claims are stated collectively against all the defendants, a decision to dismiss in favor of Cytek would necessarily require dismissal of plaintiff's claims against all other defendants and bring this matter to a close without the necessity of large expenditures on either side or a massive outlay of judicial resources. On the other hand, if this Court were to decide Cytek's dismissal motion in plaintiff's favor, the next step would be to address whether the other defendants are proper parties and whether this Court has personal jurisdiction over those entities, which would result in a zero net loss to plaintiff. Plaintiff rejected this deal.

Very truly yours,

**Jaffe, Raitt, Heuer & Weiss**
Professional Corporation



William D. Adams

WDA/dkc

1371142.01

Judge Zouhary
April 11, 2007
Page 3

1371142.01