UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOHN DOE
c/o DEAN BOLAND, ESQ.

           Plaintiff,

v.

SEXSEARCH.COM, et al.,

           Defendants.
_____/

Case No. 3:07-cv-604
Judge: Hon. Jack Zouhary
Magistrate Judge:

JAFFE RAITT HEUER & WEISS, P.C.
By:    Scott Torpey (0081561)
William D. Adams (admitted *pro hac vice*)
27777 Franklin Road, Suite 2500
Southfield, Michigan 48034
(248) 351-3000
Attorneys for specially appearing defendants
Cyber Flow Solutions, Inc., and Richard
Levine
_____/

DEAN M. BOLAND
By:    Dean M. Boland (0065693)
18123 Sloane Avenue
Lakewood, Ohio 44107
(216) 529-9371
Attorneys for Plaintiff

**SPECIALLY APPEARING DEFENDANTS' CYBER FLOW SOLUTIONS, INC. AND RICHARD LEVINE'S MOTION TO DISMISS THE COMPLAINT FOR LACK OF PERSONAL JURISDICTION OR, IN THE ALTERNATIVE, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED, AND <u>MEMORANDUM IN SUPPORT OF MOTION TO DISMISS</u>**

Specially appearing defendants, Cyber Flow Solutions, Inc., ("Cyber Flow") and Richard Levine ("Levine"), by and through their counsel, Jaffe Raitt Heuer & Weiss, P.C., hereby move this Court for dismissal with prejudice of plaintiff's Complaint under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction over Cyber Flow and Levine, or, in the alternative, Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. Should this Court decide that dismissal under Fed. R. Civ. P. 12(b)(2) is inappropriate, Cyber Flow and Levine, for the alternative 12(b)(6) portion of their motion, state their adoption of and reliance in full upon Defendants Experienced Internet Com, Inc.'s, Mauricio Bedoya's, and Patricia

Quesada's Motion and Memorandum in Support of Motion to Dismiss the Complaint for Lack of Personal Jurisdiction (FRCP 12(b)(2)) and for Failure to State a Claim Upon Which Relief May Be Granted (FRCP 12(b)(6)), and all materials filed therewith, as well as the Motion and Memorandum in Support of Motion to Dismiss Filed by Cytek, Ltd. Pursuant to FRCP 12(b)(6), and all materials filed therewith.

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

This Court does not have personal jurisdiction over specially appearing defendants Cyber Flow and Levine. No federal statute governs jurisdiction in this case, and thus personal jurisdiction exists if defendant is amenable to service of process under Ohio's long-arm statute and "if the exercise of personal jurisdiction would not deny the defendant[ ] due process." *Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 954 F.2d 1174, 1176 (6th Cir. 1992). Ohio's long-arm statute is not coterminous with federal constitutional limits. R.C. § 2307.382; *Calphalon Corp. v. Rowlette*, 228 F.3d 718, 721 (6th Cir. 2000) (noting that "the Ohio Supreme Court has ruled that the Ohio long-arm statute does not extend to the constitutional limits of the Due Process Clause"), *citing Goldstein v. Christiansen*, 70 Ohio St.3d 232, 638 N.E.2d 541, 545 n. 1 (1994) (per curiam).

Accordingly, in evaluating whether personal jurisdiction is proper under Ohio's long-arm statute, the Sixth Circuit has consistently focused on whether there is due process, *i.e.*, whether "there are sufficient minimum contacts between the nonresident defendant and the forum state so as not to offend 'traditional notions of fair play and substantial justice.'" *Id.*, quoting, *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)); *Cole v. Mileti*, 133 F.3d 433, 436 (6th Cir. 1998) (addressing the due process concerns rather than inquiring into the propriety of jurisdiction under Ohio's long-arm statute).

Personal jurisdiction can be either general or specific, depending upon the nature of the contacts the defendant has with the forum state. *Conti v. Pneumatic Prods. Corp.*, 977 F.2d 978, 981 (6th Cir. 1992) (noting that a distinction between general and specific jurisdiction

2

1373585.01

exists for the purpose of the due process analysis). General jurisdiction is proper only where "a defendant's contacts with the forum state are of such a continuous and systematic nature that the state may exercise personal jurisdiction over the defendant even if the action is unrelated to the defendant's contacts with the state." *Third Natl. Bank in Nashville v. WEDGE Group, Inc.*, 882 F.2d 1087, 1089 (6th Cir. 1989) (internal quotation marks omitted). The Declaration of Richard Levine, filed concurrently under seal, establishes that neither Cyber Flow nor Levine is subject to this Court's general personal jurisdiction, as neither defendant has continuous and systematic contacts with Ohio.

Specific jurisdiction is permissible only if defendants' contacts with Ohio satisfy a three-part test:

> (1) the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state; (2) the cause of action must arise from the defendant's activities there; and (3) the defendant's acts, or consequences thereof must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable."

*Southern Machine Company v. Mohasco Industries, Inc.*, 401 F.2d 374, 381 (6th Cir. 1968). The maintenance of a passive website that contains advertisements does not even justify the exercise of specific jurisdiction. *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 419-20 (9th Cir. 1997). The Declaration of Richard Levine, filed concurrently under seal, establishes that neither Cyber Flow nor Levine has purposefully availed itself of the privilege of acting in Ohio or causing a consequence in the forum state arising out of Ohio business activities. Therefore, because this Court has neither general nor specific personal jurisdiction over Cyber Flow or Richard Levine, this Court should dismiss plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(2).

Perhaps noting the impossibility of establishing personal liability over the defendants, plaintiff's counsel named many of the defendants based on the theory that they are alter egos of each other, and therefore should be held liable for SexSearch's operation. In a diversity action, the Court applies the Ohio alter ego doctrine. *See, e.g., Welsh v. Gibbs*, 631 F.2d 436, 439 (6th

Cir 1980). Although Ohio law has a formal test for veil-piercing, "the legal conception [of alter ego liability] has historical antecedents in both federal and state law. Such cases may provide sound analogies or insightful analyses relating to the formal test set forth in [Ohio law] without usurping its authority." *Music Express Broadcasting Corp v Aloha Sports, Inc.*, 161 Ohio App.3d 737, 742 (2005). The Court, therefore, in addition to Ohio law, relies on Sixth Circuit case law applying the alter ego theory of personal jurisdiction insofar as such cases are consistent with Ohio law pertaining to the alter ego doctrine.

Ohio's corporate veil-piercing test consists of three prongs, the first of which is Ohio's alter ego doctrine used for purposes of jurisdictional determinations. *Taylor Steel, Inc. v Keeton,* 417 F.3d 598, 605 (6th Cir. 2005), *citing Belvedere Condominium Unit Owners' Assn. v R.E Roark Cos.*, 67 Ohio St.3d 274, 287 (1993); *Marine Midland Bank, N.A. v Miller,* 664 F.2d 899, 904 (2d Cir. 1981) (noting that for jurisdictional purposes, unlike for liability purposes, use of control to commit a fraud or wrong is not required). That test is met "when control over the corporation by those to be held liable was so complete that the corporation has no separate mind, will, or existence of its own." *Belvedere,* 67 Ohio St. 3d at 287.

In deciding whether the company is an alter ego of the individual, Ohio courts consider such factors as: "(1) grossly inadequate capitalization, (2) failure to observe corporate formalities, (3) insolvency of the debtor corporation at the time the debt is incurred, (4) shareholders holding themselves out as personally liable for certain corporate obligations, (5) diversion of funds or other property of the company property for personal use, (6) absence of corporate records, and (7) the fact that the corporation was a mere facade for the operations of the dominant shareholder(s)." *LeRoux's Billyle Supper Club v. Ma,* 77 Ohio App.3d 417, 422-423 (1991) (court held defendant sole shareholder was not alter ego of defendant corporation).

The declarations filed under seal concurrently herewith establish that neither Richard Levine nor any of the individually named defendants operates the SexSearch.com or SexSearchcom.com websites in their individual capacities. None of the named entity defendants does either. All are financially independent companies. Cytek is a well-capitalized,

4

1373585 01

solvent going concern that pays its bills when they are due. Corporate formalities are timely observed, taxes are timely filed, the companies are in compliance with all applicable tax and registration laws, and each company is independent of the other. None of the defendants is an alter ego of the other, and only Cytek is responsible for operating the SexSearch.com and SexSearchcom.com sites. Accordingly, plaintiff cannot establish personal jurisdiction over Cyber Flow or Richard Levine and, therefore, this Court should dismiss plaintiff's Complaint under Fed. R. Civ. P. 12(b)(2).

If this Court should decide that dismissal under Fed. R. Civ. P. 12(b)(2) is inappropriate, Cyber Flow and Richard Levine, for their Fed. R. Civ. P. 12(b)(6) dismissal motion, again state their full reliance on Defendants Experienced Internet.Com, Inc.'s, Mauricio Bedoya's, and Patricia Quesada's Motion and Memorandum in Support of Motion to Dismiss the Complaint for Lack of Personal Jurisdiction (FRCP 12(b)(2)) and for Failure to State a Claim Upon Which Relief May Be Granted (FRCP 12(b)(6)), and all materials filed therewith, as well as the Motion and Memorandum in Support of Motion to Dismiss Filed by Cytek, Ltd. Pursuant to FRCP 12(b)(6), and all materials filed therewith.

                                                        s/Scott R. Torpey
William D. Adams (admitted *pro hac vice*)
Jaffe, Raitt, Heuer & Weiss
27777 Franklin Road, Suite 2500
Southfield, Michigan 48034-8214
Phone: (248) 351-3000
E-mail:storpey@jaffelaw.com
Bar No: 0081561

## CERTIFICATE OF SERVICE

I hereby certify that on April 13, 2007, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Dean M. Boland
Brandie L. Hawkins
Richard M. Kerger
Louis A. Colombo
Max Kravitz

James A. Slater, Jr.
Michael D. Dortch
Dana Milmeister
Gary J. Kaufman

Dated: April 13, 2007

s/Scott R. Torpey
William D. Adams (admitted *Pro Hac Vice*)
Jaffe Raitt Heuer & Weiss, P.C.
27777 Franklin Road, Suite 2500
Southfield, Michigan 48034-8214
Phone: (248) 351-3000
E-mail: storpey@jaffelaw.com
Bar No: 0081561