UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| John Doe,<br><br>PLAINTIFF,<br><br>vs.<br><br>SexSearch.com, et al.,<br><br>DEFENDANTS. | Case No.: 3:07-cv-604<br><br>Judge Jack Zouhary<br><br>MOTION TO CONTINUE TRO HEARING CURRENTLY SCHEDULED FOR APRIL 16, 2007 |

Now comes Plaintiff, John Doe, by and through his undersigned Counsel and respectfully requests this court continue the currently scheduled TRO hearing for the reasons contained in the attached brief.

**BRIEF**

Fundamental fairness requires a continuance to allow Doe the opportunity to properly prepare for the Preliminary Hearing. While Defendants have had copies of Doe's exhibits for use at the hearing for weeks, Defendants have failed to provide a single document to Doe in preparation for the hearing. Defendants filed a 62 page brief on Monday relating to the TRO hearing. This court specifically contacted Doe indicated he had a right under the rules to respond to that motion. Doe's counsel have been attempting to prepare our response during this week. On Monday of this week, Ms. Hawkins suffered a miscarriage and had follow-up surgery related to that matter on Thursday. Both of these events were relayed to defense counsel previously.

This court ordered all Defendants to comply with its order regarding informal discovery (Dkt. #110). All Defendants were, for the second time, sent the discovery that was previously sent to most of them long ago. No Defendants have complied with the court's order and provided any responses to any of that discovery. (See Exhibit 1 regarding discovery requested).

Doe's counsel have made no less than three requests over the past three days for an agreement by Defense Counsel to have their clients and authorized representatives of the various corporate defendants available for the hearing on Monday. Finally, on Friday, April 13, 2007 at approximately 2:00 pm, all defendants have declared their refusal to make those witnesses available. (Exhibit 2).

Defendants are not operating in good faith and requiring us to complete the laborious tasks of forcing each of their clients to attend the hearing in person or by phone via subpoena. In addition, there have been no less than three requests of Defendants that they identify which exhibits, if any, that they have had for weeks, whose authenticity they will challenge. They have provided a partial answer and, again, as of 2:00 pm on Friday, just three days before the scheduled hearing, have not responded with any agreement regarding authenticity on the exhibits used by Doe at the ex parte hearing. (Exhibit 3)

Since Doe has not been provided any exhibits from Defendants as of this writing, any authenticity issues he may have with Defendants' exhibits is unknown and cannot be known (or discussed with the court in any timely fashion) until those exhibits are provided and certainly not in advance of the hearing. Doe has provided the Defendants a copy of the discovery received from Moniker and an affidavit from Moniker's business records custodian (also filed with the court late yesterday). Defendants have declined to respond as to whether they will even agree to the authenticity of their own clients' Moniker records supported by that affidavit. This is truly like preparing for a hearing with a blindfold on. Our use of exhibits is unknown, Defendants' exhibits are unknown, the availability of necessary witnesses is unknown (even though Doe has agreed to make himself available for the hearing by phone already and has communicated that to all Defendants) and our response to Defendants 62 page motion was delayed significantly by unexpected medical conditions of co-counsel. Doe will be severely prejudiced being required to proceed under these circumstances. Defendants have gained the upper hand by submitting oral motions in violation of the local rules, obtaining universal protective orders on all discovery without hearings, not providing discovery, not communicating regarding authenticity and refusing to make their own clients available.

Doe is now placed in the position of having to participate in a preliminary injunction motion without even having the opportunity to see Defendants exhibits, review their discovery responses (neither of which have been provided despite this court's orders), know which exhibits Defendants will challenge on authenticity, etc.

Doe specifically moves this court for a continuance of this matter for as long a period of time as is necessary for Defendants to fully respond to all ordered discovery requests, provide all information regarding authenticity challenges to Doe's exhibits, enable Doe to subpoena or otherwise compel the attendance of each of the Defendants and an authorized representative of their corporate defendants,

receive copies of all of Defendants intended exhibits, respond to Defendants 62 page motion and generally fairly prepare for the hearing.

Defendant Experienced Internet.com, Inc. sought and received a continuance of the previously scheduled TRO hearing by, in part, claiming "EIC needs time to clear up the confusing picture Plaintiff is trying to paint; and it will also take some time to compile, document and explain the relationships succinctly for the Court and to substantively analyze the claims at issue, and a continuance would actually save time for the Court and all parties involved." (Dkt. #45). It received a continuance for this purpose and has not yet provided a single "compiled document" nor explained any relationships for this court nor cleared up the "confusing picture" which is their business model.

As Defendants consented to a continuance from the previous date, they are not prejudiced by Doe's first request for a continuance of the hearing. The current injunction merely maintains the status quo as this court has previously held. (Dkt #11). Especially in light of the Defendants' conduct in frustrating the court's attempts to obtain agreements by the parties to resolve many administrative issues, the continuance does not prejudice them. If anything, their conduct has prejudiced them. Due process requires that Doe have sufficient time to review the discovery responses (when and if they are provided), Defendants' proposed exhibits, prepare for records custodian witnesses once Defendants respond as to their authenticity challenges and so forth. Experienced, joined with other Defendants, obtained a continuance claiming that "EIC just needs more time to properly explain the structure to the Court." (Dkt #45). All Defendants have had that time and have explained nothing, provided no discovery, no documents, no evidence, are intent on providing no witnesses and generally dodging this court's orders to reach an end they know well how to reach using these tactics – dismissal.

For all the foregoing reasons, Doe respectfully requests an order: (1) continuing this matter until a time 7 days after Defendants comply with the court's orders to fully respond to all informal discovery, state with specificity which of Doe's exhibits they intend on challenging as to authenticity,

agree or not to make all individual Defendants and authorized representatives of all corporate defendants available for the re-scheduled hearing and agree or not as to the authenticity of the Moniker discovery. (2) Continue the TRO in effect recognizing that Defendants commissions and omissions are the sole reason necessitating the delay of the matter and further, that the TRO will have no prejudicial effect on Defendants.

/s/Dean Boland
Dean Boland 65693
18123 Sloane Avenue
Lakewood, Ohio 44107
dean@deanboland.com
216.529.9371 phone
216.803.2131 fax
Attorney for John Doe

/s/Brandie L. Hawkins
Brandie L. Hawkins, 0078485
124 S. Metcalf Street
Lima Ohio 45801
419.225.5706 ph
419.225.6003 fax
Attorney for John Doe

CERTIFICATE OF SERVICE

A copy of the foregoing was served by operation of the court's electronic filing system on all parties on April 13, 2007.

/s/Dean Boland
Dean Boland (0065693)