# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| John Doe, | ) | Case No. 3:07CV604 |
| | ) | |
| | ) | SPCECIALY APPEARING |
| Plaintiff, | ) | DEFENDANTS STALLION.COM |
| | ) | FSC, LTD.'s, MANIC MEDIA, INC.'s, |
| | ) | DNR's, FIESTA CATERING |
| v. | ) | INTERNATIONAL, INC.'s, |
| | ) | DAMIAN CROSS', ADAM SMALL's, |
| | ) | ED KUNKEL's, AND CAMELIA |
| SexSearch.com, et al., | ) | FRANCIS's |
| | ) | |
| | ) | **JOINT MOTION TO DISMISS** |
| Defendants. | ) | **PLAINTIFF'S COMPLAINT FOR** |
| | ) | **LACK OF PERSONAL** |
| | ) | **JURISDICTION (FRCP 12(b)(2))** |
| | ) | |
| | ) | **AND IN THE ALTERNATIVE,** |
| | ) | **MOTION TO JOIN IN THE** |
| | ) | **MOTION TO DISMISS FOR** |
| | ) | **FAILURE TO STATE A CLAIM** |
| | ) | **(FRCP 12(b)(6)) FILED BY** |
| | ) | **EXPERIENCED INTERNET.COM,** |
| | ) | **INC., MAURICIO BEDOYA, AND** |
| | ) | **PATRICIA QUESADA** |
| | ) | |
| | ) | Max Kravitz |
| | ) | Michael D. Dortch  (0043897) |
| | ) | Kravitz, Brown & Dortch, LLC |
| | ) | 145 East Rich Street |
| | ) | Columbus, OH 43215 |
| | ) | 614.464.2000 (Phone) |
| | ) | 614.464.2002 (Fax) |
| | ) | |
| | ) | |

Specially appearing individual defendants Damian Cross, Adam Small, Edward Kunkel, and Camelia Francis hereby move this Court for the Entry of an Order that dismisses all allegations contained against them in the complaint on the basis that this Court lacks personal jurisdiction over the moving defendants.

Specially appearing corporate defendants DNR, Stallion.com FSC, Limited, Manic Media, Inc. and Fiesta Catering International, Inc. hereby move this Court for the Entry of an Order that dismisses all allegations contained against them in the complaint on the basis that this Court lacks personal jurisdiction over the moving defendants.

Should this Court determine that relief pursuant to Rule (12(b)(2) is inappropriate regarding any of these moving defendants, defendants respectfully request that this Court permit them to join in the Motions to Dismiss, pursuant to Rule 23(b)(6), for Failure to State a Claim filed this date by co-Defendants Cytek, Limited and Experienced Internet.com, Mauricio Bedoya, And Patricia Quesada.

## <u>MEMORANDUM IN SUPPORT</u>

### A.     The Defendants Each Lack Even Minimum Contacts With the State of Ohio.

The Court lacks personal jurisdiction over moving individual defendants Mr. Cross, Mr. Kunkel, Mr. Small and Ms. Francis.  As demonstrated by the declarations submitted under seal of Mr. Cross, Mr. Kunkel and Mr. Small, none is a resident of Ohio.  None of these individuals transact business within Ohio in any form.  None of these individuals has sufficient contacts with the State of Ohio to make them amenable to service of process within Ohio.  As a result, this Court may not assert personal jurisdiction over them.

Similarly, the Court lacks personal jurisdiction over moving individual defendant Ms. Camelia Francis.  As demonstrated by the declaration submitted under seal of Mr. Richard Stewart, Ms. Camelia Francis is only Stallion.com FSC, Ltd's agent for service of process. Stallions.com FSC Ltd. is an entity organized, existing and in good standing under the laws of

the nation of Jamaica.  She is not an officer, director or shareholder of that entity.  Moreover, Ms

Francis has no general or specific contacts with the State of Ohio.

Regarding corporate defendants DNR, Fiesta Catering International, Inc., and

Stallion.com FSC, Ltd:  As demonstrated by the declarations submitted under seal of Mr.

Richard Stewart, none of these corporate defendants has sufficient contacts with the State of

Ohio to make them amenable to service of process within Ohio.  As a result, this Court may not

assert personal jurisdiction over them.

Regarding corporate Defendant, Manic Media, Inc., the declaration submitted under seal

of Mr. Damian Cross demonstrates that Manic Media, Inc., a corporation organized, existing and

in good standing under the laws of the State of California, conducts no business, within or

without Ohio.

> **B.      In the Absence of Even Minimum Contacts With This Forum, The Exercise
> of Jurisdiction Over The Moving Defendants Would Violate The Due Process
> Clause of the United States Constitution And Would Also Exceed The "Long
> Arm" Statute of This Jurisdiction.**

No federal statute governs jurisdiction in this case, and thus personal jurisdiction exists if

defendant is amenable to service of process under Ohio's long-arm statute and "if the exercise of

personal jurisdiction would not deny the defendant[ ] due process."  *Michigan Coalition of*

*Radioactive Material Users, Inc. v. Griepentrog,* 954 F.2d 1174, 1176 (6th Cir.1992).   Ohio's

long-arm statute is not coterminous with federal constitutional limits.  R.C. § 2307.382;

*Calphalon Corp. v. Rowlette,* 228 F.3d 718, 721 (6th Cir.2000) (noting that "the Ohio Supreme

Court has ruled that the Ohio long-arm statute does not extend to the constitutional limits of the

Due Process Clause"), *citing Goldstein v. Christiansen,* 70 Ohio St.3d 232, 638 N.E.2d 541, 545

n. 1 (1994) (per curiam).

Accordingly, in evaluating whether personal jurisdiction is proper under Ohio's long-arm

statute, the Sixth Circuit has consistently focused on whether there is due process: whether "there

are sufficient minimum contacts between the nonresident defendant and the forum state so as not

to offend 'traditional notions of fair play and substantial justice.'" *Id.*, *quoting, Int'l Shoe Co. v.*

*Washington,* 326 U.S. 310, 316 (1945));  *Cole v. Mileti,* 133 F.3d 433, 436 (6th Cir.1998)

(addressing the due process concerns rather than inquiring into the propriety of jurisdiction under

Ohio's long-arm statute).

Personal jurisdiction can be either general or specific, depending upon the nature of the

contacts that the defendant has with the forum state.  *Conti v. Pneumatic Prods. Corp.,* 977 F.2d

978, 981 (6th Cir.1992) (noting that a distinction between general and specific jurisdiction exists

for the purpose of the due process analysis).  General jurisdiction is proper only where "a

defendant's contacts with the forum state are of such a continuous and systematic nature that the

state may exercise personal jurisdiction over the defendant even if the action is unrelated to the

defendant's contacts with the state."  *Third Natl. Bank in Nashville v. WEDGE Group, Inc.,* 882

F.2d 1087, 1089 (6th Cir.1989) (internal quotation marks omitted).

Specific jurisdiction is permissible only if defendants' contacts with Ohio satisfy a three-

part test:

> (1) the defendant must purposefully avail himself of the privilege of acting in the
> forum state or causing a consequence in the forum state; (2) the cause of action
> must arise from the defendant's activities there; and (3) the defendant's acts, or
> consequences thereof must have a substantial enough connection with the forum
> state to make the exercise of jurisdiction over the defendant reasonable."

*Southern Machine Company v. Mohasco Industries, Inc.,* 401 F.2d 374, 381 (6th Cir.1968).  The

maintenance of a passive website that contains advertisements does not even justify the exercise

of specific jurisdiction.  *Cybersell, Inc. v. Cybersell, Inc.,* 130 F.3d 414, 419-20 (9th Cir.1997).

Plaintiff's counsel named many of the defendants based on the theory that they are alter

egos of each other, and therefore should be held liable for SexSearch's operation.  In a diversity

action, the Court applies the Ohio alter ego doctrine.  *See, e.g., Welsh v. Gibbs,* 631 F.2d 436,

439 (6th Cir.1980).  Although Ohio law has a formal test for veil-piercing, "the legal conception

[of alter ego liability] has historical antecedents in both federal and state law. Such cases may

provide sound analogies or insightful analyses relating to the formal test set forth in [Ohio law]

without usurping its authority." *Music Express Broadcasting Corp. v. Aloha Sports, Inc.,* 161

Ohio App.3d 737, 742 (2005). The Court, therefore, in addition to Ohio law, relies on Sixth

Circuit case law applying the alter ego theory of personal jurisdiction insofar as such cases are

consistent with Ohio law pertaining to the alter ego doctrine.

      Ohio's corporate veil-piercing test consists of three prongs, the first of which is Ohio's

alter ego doctrine used for purposes of jurisdictional determinations. *Taylor Steel, Inc. v.*

*Keeton,* 417 F.3d 598, 605 (6th Cir.2005), *citing Belvedere Condominium Unit Owners' Assn. v.*

*R.E. Roark Cos.,* 67 Ohio St.3d 274, 287 (1993); *Marine Midland Bank, N.A. v. Miller,* 664 F.2d

899, 904 (2d Cir.1981) (noting that for jurisdictional purposes, unlike for liability purposes, use

of control to commit a fraud or wrong is not required).  That test is met "when . . . control over

the corporation by those to be held liable was so complete that the corporation has no separate

mind, will, or existence of its own."  *Belvedere*, 67 Ohio St. 3d at 287.

      In deciding whether the company is an alter ego of the individual, Ohio courts consider

such factors as: "(1) grossly inadequate capitalization, (2) failure to observe corporate

formalities, (3) insolvency of the debtor corporation at the time the debt is incurred, (4)

shareholders holding themselves out as personally liable for certain corporate obligations, (5)

diversion of funds or other property of the company property for personal use, (6) absence of

corporate records, and (7) the fact that the corporation was a mere facade for the operations of

the dominant shareholder(s)."  *LeRoux's Billyle Supper Club v. Ma,* 77 Ohio App.3d 417, 422-

423 (1991) (court held defendant sole shareholder was not alter ego of defendant corporation).

      The declarations filed concurrently herewith under seal establish that the Court may not

exercise personal jurisdiction over Damian Cross, Adam Small, Ed Kunkel, and Camelia Francis.

Nor does it have personal jurisdiction over corporate defendants Stallion.com FSC, Ltd., Manic

Media, Inc. DNR, or Fiesta Catering International, Inc.

      Cytek operates the sexsearch.com and sexsearchcom.com websites.  The declarations

establish that none of the named individual defendants operate the SexSearch.com or

SexSearchcom.com websites in their individual capacities, and none of the named entity

defendants do either.  All are financially independent companies.

Cytek is a well-capitalized, solvent going concern that pays its bills when due.  Corporate formalities are timely observed and taxes timely filed and the companies are in compliance with all applicable tax and registration laws and each is independent.  There is no evidence to suggest that any of the named individuals or entities is an alter ego of Cytek.  In fact, all the evidence demonstrates the opposite is true.  None of the defendants is an alter ego of the other, and only Cytek is responsible for operating the SexSearch.com and SexSearchcom.com site.

I.    **CONCLUSION**

Each of the moving defendants assert that his, hers, or its contacts with the State of Ohio are insufficient to permit this litigation to be maintained against them in this forum.  Each respectfully requests that they be dismissed from this action.

In the alternative, each moving defendants seek leave of this Court to join in the Motions to Dismiss for Failure to State a Claim filed pursuant to Fed. R. Civ. P. 12(B)(6) by Cytek, Limited, Experienced Internet.com, Inc., Mauricio Bedoya and Patricia Quesada.

Respectfully submitted,

s/ Michael D. Dortch
Max Kravitz
Michael D. Dortch (0043897)
KRAVITZ, BROWN & DORTCH, LLC
145 East Rich Street
Columbus, OH 43215
614.464.2000 (Phone)
614.464.2002 (Fax)

Counsel for Specially Appearing Corporate Defendants STALLION.COM FSC, LTD., MANIC MEDIA, INC. DNR, and FIESTA CATERING INTERNATIONAL, INC.,

and Counsel for Specially Appearing Individual Defendants  DAMIAN CROSS, ADAM SMALL, ED KUNKEL, and CAMELIA FRANCIS.

CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing has been electronically filed this 13th day of April, 2007.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's System.


/s/ Michael D. Dortch