UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

John Doe,

              PLAINTIFF,

vs.

SexSearch.com, et al.,

              DEFENDANTS.

Case No.: 3:07-CV-604

Judge Jack Zouhary

MOTION FOR STATUS CONFERENCE
TO BE HELD ON THE RECORD

Now comes Plaintiff, John Doe, by and through his undersigned Counsel and respectfully requests this Honorable Court place the scheduled Phone Status Conference regarding the issuance of subpoenas on the record for the grounds contained in the attached Memorandum.

1

Dockets.Justia.com

**MEMORANDUM**

The Local Rules provide the following procedure for resolving discovery disputes:

> Rule 37.1 Discovery Disputes
> (a) In the absence of a Judicial Officer establishing an alternative procedure for handling discovery disputes, the following procedure shall apply.
> (1) Discovery disputes shall be referred to a Judicial Officer only after counsel for the party seeking the disputed discovery has made, and certified to the Court the making of, sincere, good faith efforts to resolve such disputes.
> (2) The Judicial Officer may attempt to resolve the discovery dispute by telephone conference.
> (3) In the event the dispute is not resolved by the telephone conference, the parties shall outline their respective positions by letter and the Judicial Officer shall attempt to resolve the dispute without additional legal memoranda.
> (4) If the Judicial Officer still is unable to resolve the dispute, the parties may file their respective memoranda in support of and in opposition to the requested discovery by a date set by the Judicial Officer, who may schedule a hearing on the motion to compel.
> (b) No discovery dispute shall be brought to the attention of the Court, and no motion to compel may be filed, more than ten (10) days after the discovery cut-off date.

Local Rule 37.1 (N.D. Ohio 2007).

At the April 16, 2007 hearing, this Court instructed the parties to follow a specific procedure regarding any subsequent discovery disputes. The Court created a special procedure consistent with the purposes and principles of the Local Rule, but more expedited. The Court consistently identified the following procedure for resolving discovery and other disputes:

1. Attempt to resolve the matter via a phone conference between the parties.

2. Draft and agree upon, if possible, a joint letter setting forth the dispute.

3. Submit that letter to the court for its consideration.

4. Work with the court to schedule a mutually agreeable phone status conference to have the court assist in resolving the matter.

(April 16, 2007 hearing transcript at 122).

On April 23, 2007 Defendants began contacting Plaintiff's counsel insisting subpoenas for relevant information be withdrawn. Plaintiff suggested following the court's procedure for resolving the discovery dispute. (Exhibit 1, email Plaintiff's counsel to all parties reminding them of the court's procedure). Defendants, when reminded of the Court's Order summarized above, dismissed this honorable court's procedure as "fruitless." (Exhibit 2, email from Dana MilMeister). Plaintiff has made a good faith effort to attempt to resolve this dispute prior to seeking Court guidance to no avail.

Defendants did not file a motion to quash the subpoenas. Instead, Defendants have decided to execute a form of self-help not contemplated by the rules and not authorized by the Court. Defendants' have instructed various subpoena recipients to defy those Court Orders and not produce the items requested. (Exhibit 3, Multiple letters by Mr. Dortch instructing subpoena recipients to not comply with those subpoenas). This conduct could arguably be interpreted by the Court as "obstruction of justice." The rules have established the proper means of disputing subpoenas. The Court's own method contemplates its own preference on the resolution of such matters. No part of the rules instruct parties to intervene between the Court Order, and the party expected to obey it, thereby, instructing them to ignore said Order. Defendants chose a method to resolve the discovery dispute outside of the Local Rules and the Court's modification of those rules. That scheme was not contemplated by any Order of this Court nor in any rule approved by the rule commission. Defendants have deliberately side stepped the Court's repeated instruction to follow the procedure above while simultaneously maintaining time is of the essence. (Exhibit 4, Letter from Mr. Kerger to court requesting immediate hearing, referencing court's direction to Defendants to not file a motion to quash). However, the parties have made admissions that they have had information relating to the subpoenas since Friday, April 20, 2007. This process should have been attempted at an earlier date by Defendants rather than the superimposed time crunch now represented to the Court.

In this latest event, the Defense has engaged in repeated communication with the Court by letter, perhaps email and phone as well outside the presence of Plaintiff's counsel. Evidenced by a letter that was emailed by Defendants' to Plaintiff's on April 25, 2007, the Court either directly or indirectly through an intermediary, instructed Defendants <u>not</u> to file a particular motion in this Matter. (Exhibit 4). Plaintiff's Counsel was not part of any of those discussions, did not send any letters to the Court, and did not have any phone communication with the Court or Court staff articulating disputed matters in this case. Plaintiff is not privy to what arguments Defense Counsel made to the Court, what motions Defense Counsel indicated it wanted to file, and what instruction, if any, the Court provided Defense Counsel on those motions. All of those discussions, if they took place, occurred off the record. Plaintiff has clean hands with respect to this issue. Plaintiffs' prior ex parte communication with the Court for the purpose of obtaining a Temporary Restraining Order occurred on the record and was made available to the Defense weeks ago.

Plaintiff's Counsel recognizes the Court's preference and authority to operate its courtroom within the range of acceptable choices provided by the Federal Civil Rules of Procedure and corresponding Local Rules for the Northern District Court's, however, Plaintiff asserts that it is improper to address substantive matters, argue said matters, and rule upon the same at or following off-the-record phone status conferences. Moreover, the Local Rules contemplate, the filing of motions, the filing of responses, hearings on the record, and orders resulting hence as a default mechanism for resolving disputes between the parties in order to preserve the record for appeal.

Local Rules provide the form for said motions:

> Rule 7.1 Motions
> (a) Motions Governed by Case Management Plan. All motions are governed by the Case Management Plan adopted pursuant to the Civil Justice Reform Act of 1990.
> (b) **Motions to be in Writing**. <u>All motions, unless made during a hearing or trial, must be in writing and must be made sufficiently in advance of the trial to avoid any delay in trial.</u>

(c) **Memorandum by Moving Party**. <u>The moving party must serve and file with its motion a memorandum of the points and authorities on which it relies in support of the motion.</u>

(d) **Memorandum in Opposition**. <u>Unless otherwise ordered by the Judicial Officer, each party opposing a motion must serve and file a memorandum in opposition within thirty (30) days after service of any dispositive motion and within fourteen (14) days after service of any non-dispositive motion. If a party opposing a motion was served with the motion under Fed. R. Civ. P. 5(b)(2)(B), (C), or (D), three days shall be added to the prescribed period as provided in Fed. R. Civ. P. 6(e).</u>

(e) Reply Memorandum. Unless otherwise ordered by the Judicial Officer, the moving party may serve and file a reply memorandum in support of any dispositive motion within ten (10) days after service of the memorandum in opposition and in support of any non-dispositive motion within seven (7) days after service of the memorandum in opposition, excluding intermediate Saturdays, Sundays, and legal holidays. If the moving party was served with the memorandum in opposition under Fed. R. Civ. P. 5(b)(2)(B), (C), or (D), three days shall be added to the prescribed period as provided in Fed. R. Civ. P. 6(e).

(f) Length of Memoranda. Without prior approval of the Judicial Officer for good cause shown, memoranda relating to dispositive motions must not exceed ten (10) pages in length for expedited cases, twenty (20) pages for administrative, standard and unassigned cases, thirty (30) pages for complex cases, and forty (40) pages for mass tort cases. Every memorandum related to a dispositive motion must be accompanied by a certification specifying the track, if any, to which the case has been assigned and a statement certifying that the memorandum adheres to the page limitations set forth in this section. In the event that the page limitations have been modified by order of the Judicial Officer, a statement to that effect must be included in the certification along with a statement that the memorandum complies with those modifications. Failure to comply with these provisions may be sanctionable at the discretion of the Judicial Officer. Memoranda relating to all other motions must not exceed fifteen (15) pages in length. All memoranda exceeding fifteen (15) pages in length, excepting those in Social Security reviews, must have a table of contents, a table of authorities cited, a brief statement of the issue(s) to be decided, and a summary of the argument presented. Appendices of evidentiary, statutory or other materials are excluded from these page limitations and may be bound separately from memoranda.

(g) **Hearings**. <u>The Judicial Officer may rule on unopposed motions without hearing at any time after the time for filing an opposition has expired. The Judicial Officer may also rule on any opposed motion without hearing at any time after the time for filing a reply memorandum has elapsed.</u>

(h) Untimely Motions. Any motion (other than motions made during hearings or at trial) served and filed beyond the motion deadline

established by the Court may be denied solely on the basis of the
untimely
filing.

Local Rule 7.1 (N.D. Ohio 2007) (emphasis added).  The contemplation is that a record is created for

appellate purposes.  Plaintiff intends to appeal this case were it to be disposed of prior to reaching the

Rule 26(f) discovery conference.  Plaintiff has continually opposed all oral motions raised during

scheduled phone conferences, specifically, requesting a hearing on said issues.  (See, e.g. Dkt. #106).

The Court has denied all such requests and made rulings based upon responses solicited from Plaintiff

during phone status conferences.  (Dkt. #110).  The use of the phone status conference to entertain the

Defendants' protective order motion, for example, resulted in a burden shifting to Plaintiff.  Upon

receipt of a detailed letter from Defendants on that issue (in form a letter, in substance a motion), the

court at the phone status conference, indicated it was inclined to issue the protective order unless

Plaintiff could raise any valid objection to the Defendants' proposed order, submitted in that

letter/motion.  As Plaintiff indicated in his motion in opposition (Dkt. # 106), the Defendants had the

burden to demonstrate the extraordinary need to seal the entire discovery in this case.  The phone status

conference implementation, placed the burden on Plaintiff to avoid that sealing of the discovery.

In the matter to be dealt with at the 1:30 pm phone conference on April 26, 2007, it is obvious

from Defendants' communication with Plaintiff's counsel and the Court regarding the subpoenas that

they desire that those subpoena requests be quashed by this Court.  (Exhibit 5, Letter of Mr. Kerger to

the court containing Defendants' proposed joint letter, to the Court).  Defendants have expressed that

intent to attempt to quash to the parties served with those subpoenas while simultaneously instructing

them to ignore them.  (Exhibit 3).  It is obvious that at the upcoming phone status conference this

precise matter will be discussed.  Undoubtedly, the Defendants will make arguments as to why the

subpoenas ought to be quashed and Plaintiff, having heard those arguments for the first time during

that phone status conference, will be expected to meaningfully respond to them after a few seconds of

6

reflection to avoid the quashing of the subpoenas.  The reality is that Defendants have had the opportunity to prepare since last Friday, April 20, 2007 to construct arguments, case law, facts, etc in an attempt to quash the subpoenas.  Plaintiff will be required to meaningfully respond to all that preparation with a few seconds of reflection during the phone status conference.

Plaintiff has seen no motion to quash as one has not yet been filed.  The Defendants have not, on the record, articulated any basis to quash the subpoenas.  Without that basis, the phone status conference becomes, effectively, an ambush.  Plaintiff's Counsel cannot prepare to respond to any arguments to quash as Defendants have not been required to file a motion and articulate said bases.  Plaintiff has been allowed no time to prepare a written response.  This is the same basis by which Plaintiff previously objected to the granting of the protective order on all discovery, effectively a gag order in the case sub judice without a motion being filed, a response by Plaintiff being received, and a hearing being held.  (Dkt. #106).  The Defendants claim in correspondence to the court, copied to Plaintiff's counsel, that the court has instructed Defendants not to file a motion to quash.  (Exhibit 4).  Plaintiff has not been given the opportunity to, therefore, respond to any such factual representations and legal argument that, ordinarily, would have been in such a motion.  Any ruling arising from an off-the-record phone status conference, therefore, results in a legal and factual hole in the record of this case that seriously affects the parties' rights on appeal.

Plaintiff respectfully requests this Honorable Court not hold any phone status conference on the issue, require the Defendants to file a motion to quash and afford Plaintiff sufficient time to respond to Defendants' motion prior to issuing any ruling or order on the issue.  If the court decides to proceed with the phone status conference as currently scheduled at 1:30 pm today, Plaintiff respectfully requests the phone status conference be on the record in order to preserve Plaintiff's appellate record and, by extension, his appellate rights.  Plaintiff reiterates the need for an extension of time to respond to Defendants' Motions to Dismiss given the discovery dispute at issue.

/s/Dean Boland
Dean Boland, 0065693
18123 Sloane Avenue
Lakewood, Ohio 44107
dean@deanboland.com
216.529.9371 phone
216.803.2131 fax
Attorney for John Doe

/s/Brandie L. Hawkins
Brandie L. Hawkins, 0078485
124 S. Metcalf Street
Lima Ohio 45801
419.225.5706 ph
419.225.6003 fax
Attorney for John Doe

## CERTIFICATE OF SERVICE

A copy of the foregoing Motion for Status Conference to be on the Record was served by

operation of the court's electronic filing system on all parties on the date of its filing.

/s/Dean Boland
Dean Boland (0065693)