LAW OFFICES OF

# KERGER & ASSOCIATES

THE BAKERY BUILDING

33 S. MICHIGAN STREET, SUITE 100

TOLEDO, OHIO 43604

Telephone: (419) 255-5990
Fax: (419) 255-5997

Richard M. Kerger
Stephen D. Hartman
Kimberly A. Conklin
Zachary M. Clark

April 25, 2007

rickkerger@kergerkerger.com
stevehartman@kergerkerger.com
kimconklin@kergerkerger.com
zclark@kergerkerger.com

Hon. Jack Zouhary
United States District Judge
U.S. Courthouse and Customs Building
1716 Spielbusch Avenue
Toledo, OH  43624

**VIA FAX #(419) 213-5680**

      Re:    *John Doe v. SexSearch.com, et al.*
                  Case No. 3:07CV604

Dear Judge Zouhary:

      We have attempted to reach plaintiff's counsel to secure agreement to the accompanying proposed joint statement. The contacts have been by email and phone. We are given to understand that Mr. Boland is in a trial or hearing and will not be available until 4:00 p.m. Ms. Hawkins was asked by an email to respond with comments by 11:00 a.m. today and has not done so. I called her moments ago and was told that she had an appointment outside of the office and that when she would return was unknown. We understand the Court's desire that these letters be joint but in view of the pending call and the apparent unlikelihood of obtaining timely comments or acquiescence from plaintiff's counsel, we felt it necessary to send this version along now.

Sincerely yours,

Richard M. Kerger

RMK:bam
Enclosure

*John Doe v. SexSearch.com, et al.*
Case No. 3:07CV604

**Proposed Joint Statement**

Defendants have submitted this prepared joint statement to counsel for plaintiff and have received no response. Since there will be a call today on this matter, defendants feel it necessary to provide it to the Court at this time.

Plaintiff has issued subpoenas for documents to many third-party witnesses, including to those involved with credit card processing for the sexsearch.com website and others, including PacBell. Plaintiff did not provide prior notice of many of these subpoenas to any of the parties to the action or their counsel; instead, the witnesses informed the parties directly. Defendants learned about one subpoena to CCBill late Friday afternoon, and the others this week, including today. Plaintiff also issued a subpoena for documents to Instaclick, Inc., who is not a party in this litigation, seeking, among other items, a copy of its 2005 tax return and a list of its members, officers, and employees. Plaintiff believes the Court's order allows service of such subpoenas in this manner.

The defendants represented by The Kaufman Law Group/Kerger & Associates, Kravitz, Brown & Dortch, LLC, and Jaffe Raitt Heuer & Weiss, P.C., disagree. Defendants believe the Court's order was limited to informal discovery between the parties; no third-party discovery was authorized or is appropriate. At this juncture of the proceedings, defendants believe that plaintiff is not entitled to financial information about the companies, which is confidential and proprietary. No other discovery may take place before the conference required by Rule 26(f) of the Federal Rules of Civil Procedure. Fed. R. Civ. Proc. 26(d).

Moreover, even if authorized, defendants further believe that Plaintiff has violated Rule 45(b)(1) of the Federal Rules of Civil Procedure, which requires notice to all parties prior to service of the subpoena on the witness. *Biocore Med. Technologies, Inc. v. Khosrowshahi*, 181 F.R.D. 660, 667 (D KS 1998). Also, the time frame for production was inadequate.

On Monday, before they learned of the additional subpoenas, Defendants sent letters to Mr. Boland asking him to withdraw the CCBill subpoena and to inform them of the existence of any other subpoenas served, and to withdraw those as well. Mr. Boland responded that he understood the Court's order on April 16, 2007 to have allowed him to serve the subpoenas, and suggested that the parties have a conference call amongst themselves to discuss it. Mr. Boland did not reveal that other subpoenas had been issued and served on third parties. Only this morning, Plaintiff filed numerous subpoenas with the Court.

Defendants have offered to discuss these issues with Plaintiff's counsel provided plaintiff's counsel immediately withdraws all currently outstanding third-party subpoenas, issued without defendants' knowledge. Plaintiff's counsel refuses to do so. Defendants believe that time is of the essence because the production dates are near, and defendants cannot control the third-parties' acts. Defendants need immediate relief, and cannot risk that documents will be produced without their knowledge, on an *ex parte* basis. For example, CCBill has informed defendants' counsel that it intends to produce documents, unless this Court orders otherwise.

Before bringing a motion to quash all served subpoenas and for a protective order precluding issuance of any further subpoenas at this time, defendants bring this to the Court's attention with the hopes of avoiding the need to file such a motion.