UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| John Doe, | Case No.: 3:07-CV-604 |
| PLAINTIFF, | Judge Jack Zouhary |
| vs. | |
| SexSearch.com, et al., | MOTION FOR EXTENSION OF TIME TO RESPOND TO DEFENDANTS' MOTIONS TO DIMISS |
| DEFENDANTS. | |

Now comes Plaintiff, John Doe, by and through his undersigned Counsel and respectfully requests a fourteen (14) day extension of time to respond to the Defendants' Motions to Dismiss provided Defendants fully comply with the Courts Order for informal discovery for the following grounds contained in the attached Memorandum.

1

**MEMORANDUM**

Defendants filed their motions to dismiss (Dkt. #113, #117, #118, #12) on April 13, 2007. On April 16, 2007, in chambers prior to the hearing, the Court informed all the parties that Plaintiff's response was due within twenty (21) days and any reply by each Defendant, within seven (7) days thereafter.

On 3/20/2007, the court ordered Plaintiff to make all relevant documents in his possession available to Defendants. (Dkt. #57). Plaintiff timely complied with that order. On 3/21/2007 this Court found that limited discovery was appropriate in this Matter. (Dkt. # 64). Plaintiff sent its limited discovery request, informally in accordance with the Court's Order, to the then active Defendants' in the case on 3/21/2007. The Defendants provided no documents responsive to Plaintiff's requests. A phone status conference was held on 4/12/2007 following which the court filed an entry including, among other items that "The Court believes it is important for [Plaintiff] to receive discovery responses in advance of the [April 16, 2007] hearing and that there be no further delay in that exchange." (Dkt. #110). The Defendants provided no documents responsive to Plaintiff's requests prior to the April 16, 2007 hearing.

Plaintiff requested a continuance of the hearing both by filed motion (Dkt. # 114) and prior to the hearing itself (see Transcript of April 16, 2007 hearing) because Defendants provided no documents responsive to Plaintiff's requests prior to the April 16, 2007 hearing. The court denied both motions. (Dkt. # 120).

On April 16, 2007 a hearing was held in this Matter regarding the then pending Preliminary Injunction (hereinafter referred to as "PI"). At the end of that "PI" hearing, Plaintiff requested guidance from the Court as to how to get Defendants to provide documents responsive to Plaintiff's requests. The Court directed Plaintiff to work the matter out with Defendants counsel informally, and if no resolution could be had, to draft a joint letter for submission to the Court. At which point,

2

Plaintiff should seek a phone status conference.  Plaintiff re-issued all the informal discovery requests to all Defendants via their counsel for a second time via email.

As of April 25, 2007, only partial responses from some of the Defendants have been received.  Those responses are not credible for reasons that will be made clear in subsequent filings with this court.

Several items received appear to be counterfeit documents.  Others directly contradict declarations of the Defendants, representations made by their counsel and so forth.  In addition, Defendants have provided no authentication for many of these documents.  Without adequate time to investigate their authenticity they cannot be presumed credible.  Furthermore, continuing information assembly following the April 16, 2007 hearing has revealed additional fraud perpetrated on Court.

During the hearing, Ms. Milmeister via telephone appearance offered a detailed explanation of why the Privacy Policy Page of the Sexsearch Website had recently been changed.  (See Exhibit 2 for evidence of that post-lawsuit change and Exhibit pre-filing of lawsuit).  As the Court may recall, the page was changed to drop the name of a company called "No Bounds Marketing" and replace it with the owner/operator called CYTEK Limited whose address is 48 Wilmont Road, Dartford, Kent, UK DA1 3BA.  She explained that CYTEK Limited was now named on that page to comply with "European banking rules."  (cite to transcript page).  However, in the declarations to this Honorable Court, the Defendants' represented that CYTEK Ltd. was a Barbados company.  The Court can take judicial notice of the fact that Barbados is not in the United Kingdom.  There was no explanation that there were in fact two (2) separate entities identified as CYTEK Limited and CYTEK Ltd.  Nor was there discussion as to why one (1) company was listed for merchant processing, and the other, the purported owner/operator of the Sexsearch Website was listed on the Privacy Policy Page.  A Barbados company cannot be made to comply with "European Banking Rules" as it is not in Europe.  This Honorable Court has no information as to whether these entities are related and which is professed to

3

be the true owner/operator of the Sexsearch Website. Defendants entire defense in their motion is that Cytek owns everything. Well, which one are they speaking of? When was it formed? Where was it formed? Where are the alleged agreements it has with other Defendants in this matter? Where is the evidence of its capitalization? Defendants have provided no incorporation documents for either organization, no bank records, no listing of employees, etc all of which would be contained in the documents responsive to Plaintiff's requests. These organizations could be actual going concerns or they could be the imaginings of a person operating a copier at Kinko's. At this point, Plaintiff and this court have no idea what the answer to that question is.

The documents yet provided are either undated, incomplete or, if they are dated at all, are not from the relevant time period in this case. For example, agreements from 2004 with a duration of one year. As indicated in the complaint, the relevant time period of this case is late in 2005.

Several subpoenas have been issued to obtain information directly related to Defendants' argument, raised for the first time in their brief, that the Defendants may all be alter egos. If they are truly "going concerns" as is repeated in legal arguments and the now debunked Defendant declarations, documents responsive to Plaintiff's requests would address that contention.

To respond to Defendants' argument, as they aptly point out in the case law surrounding this issue they have raised, the capitalization of companies, employees, shareholders, etc. are all factors the court <u>must</u> consider to determine alter ego status. (Dkt. # 123 at 5). Without bank records, this Court is completely disabled from determining whether Defendants have sufficient capitalization. Exclusive of records from the various online billing companies used by the SexSearch Website, this Court has no idea who gets the money from subscriptions to the site. Lacking said information, deems it impossible for this Court to determine that financial interest. Further, if Defendants had in fact licensed operation of the Sexsearch Website to another entity, as they claim, surely that entity would be receiving the funds generated by the business and as such, no party other than CYTEK Limited and/or CYTEK Ltd.

4

would have standing to challenge such a request.

Several items in the Defendants' declarations are provably false based upon records we have already obtained and admitted at prior hearings. Defendants made no response to the multiple, obvious misleading or outright false statements in those declarations revealed during argument at the April 16, 2007 hearing. They have not followed that hearing with the filing of anything to dispute the obvious falsity of the key statements in those declarations. The records Defendants have provided Plaintiff in response to discovery, albeit woefully incomplete, are nonetheless irrelevant by time, content, and lack of authentication. Essentially, Plaintiff could be spinning his wheels in response to documents that were provided in such a short time frame given the previous timely requests following each hearing and/or Orders of this Honorable Court. Plaintiff was ordered to provide all its documents, both case-in-chief and rebuttal documents, to Defendants. (Dkt. #110). He complied. Defendants have been repeatedly ordered to cooperate in discovery and have failed to provide any documents responsive to Plaintiff's requests. Any prejudice suffered by Defendants from the requested extension of time for Plaintiff to respond is self-inflicted.

Once the Defendants have complied with this Court's discovery Orders and provided documents responsive to Plaintiff's requests relevant to the arguments they have all raised, for the first time, in <u>their Motions to Dismiss</u>, Plaintiff will be positioned on equal footing with Defendants in order to properly respond to those Motions.

Plaintiff respectfully requests this Honorable Court grant him leave to respond to the Defendants' multiple Motions to Dismiss fourteen (14) days after Defendants full compliance with all prior Orders of this Honorable Court for the reasons stated herein.

/s/Dean Boland
Dean Boland, 0065693
18123 Sloane Avenue

>Lakewood, Ohio 44107
>dean@deanboland.com
>216.529.9371 phone
>216.803.2131 fax
>Attorney for John Doe
>
>/s/Brandie L. Hawkins
>Brandie L. Hawkins, 0078485
>124 S. Metcalf Street
>Lima Ohio 45801
>419.225.5706 ph
>419.225.6003 fax
>Attorney for John Doe

## CERTIFICATE OF SERVICE

A copy of the foregoing Motion for Extension of Time was served by operation of the Court's electronic filing system on all parties on the date of its filing.

>/s/Dean Boland
>Dean Boland (0065693)