# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| John Doe, | ) | Case No. 3:07CV604 |
| | ) | |
| | ) | DEFENDANTS' JOINT REPLY |
| Plaintiff, | ) | BRIEF IN SUPPORT OF MOTION |
| | ) | TO DISMISS THE COMPLAINT FOR |
| | ) | FAILURE TO STATE A CLAIM |
| v. | ) | UPON WHICH RELIEF MAY BE |
| | ) | GRANTED (FRCP 12(b)(6)) |
| | ) | |
| SexSearch.com, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Defendants hereby jointly submit this reply in support of their motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Dockets.Justia.com

## <u>TABLE OF CONTENTS</u>

I.      INTRODUCTION ............................................................................................1

II.     REASONABLE MINDS CANNOT DIFFER: PLAINTIFF UNREASONABLY
        RELIED ON A PERCEIVED WARRANTY OF AGE VERIFICATION ........................3

III.    THE COMMUNICATIONS DECENCY ACT PRE-EMPTS PLAINTIFF'S CLAIMS
        BASED ON ANY PURPORTED FAILURE TO PREVENT JANE ROE FROM
        JOINING OR MAINTAINING HER MEMBERSHIP .....................................................4

IV.     EACH OF THE CLAIMS FAIL AS A MATTER OF LAW FOR MULTIPLE
        SEPARATE AND INDEPENDENT REASONS ..............................................................6

        A.      The Court Can Ignore Conclusory Allegations And May Consider Matters
                Outside The Pleadings Without Converting This Motion To A Summary
                Judgment .......................................................................................................6

        B.      The Contract, Which Is Admissible, Is Clear And Unambiguous That No
                Warranties Were Made .................................................................................7

        C.      Plaintiff's Conclusory Allegations Do Not Support A Finding Of
                Unconscionability .........................................................................................8

        D.      Plaintiff's Conclusory Fraud Allegations Fail To State A Claim ...........................9

        E.      Plaintiff's Negligent Misrepresentation Claim Fails Because As A Matter Of Law,
                The Requisite Special Relationship Did Not Exist ................................................10

        F.      Plaintiff's Breach Of Warranty Claim Fails Because There Was No Warranty
                And Because He Could Not Have Reasonably Relied On The Purported
                Warranty .......................................................................................................10

        G.      The Ohio Consumer Protection Statutes Do Not Apply To This Case.................11

        H.      As A Matter Of Law, Defendants Cannot Be Held Liable For Negligent
                Infliction Of Emotional Distress ............................................................................12

        I.      Plaintiff's Failure To Warn Claim Is Meritless ....................................................12

VI.     CONCLUSION..............................................................................................13

## **TABLE OF AUTHORITIES**

**Cases**

*Anthony v. Yahoo, Inc.,* 421 F.Supp.2d 1257, 1262-63  (N.D. Cal. 2006) ............................... 5

*Blackburn v. Fisk University,* 443 F.2d 121, 124 (6th Cir. 1971) .........................................6, 7

*Carafano v. Metrosplash.com, Inc.,* 339 F.3d 1119 (9th Cir.2003) .........................................4

*Chestnut v. Progressive Cas. Ins. Co.,* 166 Ohio App. 3d 299 (2006) ....................................11

*Dimeo v. Max,* 433 F.Supp.2d 523, 528 (E.D.Pa.2006)........................................................4

*Doe v. MySpace,* 474 F.Supp.2d 843 (W.D. Tex 2007) ..................................................... 4, 5

*Feitchner v. City of Cleveland,* 95 Ohio App.3d 388 (1994)....................................................12

*Green v. America Online,* 318 F.3d 465 (3d Cir.2003) ..........................................................4

*Hoang v. Etrade,* 151 Ohio App.3d 363, 372 (2003) .............................................................11

*Lars Gentry v. eBay, Inc.,* 99 Cal.App.4th 816 (2002) ...........................................................5

*Picker Intern., Inc. v. Mayo Foundation*, 6 F. Supp. 2d 685 (N.D. Ohio 1998).....................10

*Richman v. Straley,* 48 F.3d 1139 (10th Cir 1995) ............................................................. 3, 10

*Russo v. NCS Pearson, Inc.,* 462 F.Supp.2d 981 (D. Minn. 2006)......................................3, 10

*State, ex el Montgomery v. Thermal Seal,* (Sept. 18, 2001), Franklin C.P. No. 00CV0706254, unreported, WL 1841771)...............................................................................................8

*Weiner v. Klais & Co.,* 108 F.3d 86 (6th Cir. 1997)................................................................7

*Zeran v. America Online, Inc.,* 129 F.3d 327 (4th Cir.1997)....................................................4

**United States Constitution**

First Amendment ...............................................................................................................2

Fifth Amendment ..............................................................................................................2

**<u>Statutes And Rules</u>**

### Federal

47 U.S.C. § 230.......................................................................................... 1, 4-6, 11

### Ohio

R.C. § 1345.12 ...........................................................................................11
R.C. § 1345.41 ...........................................................................................11
Ohio Adm.Code 109:4-3-01 .......................................................................11

# I.

## INTRODUCTION

Plaintiff's opposition confirms that dismissal is proper. The opposition ignores almost every single argument and analysis in the moving brief. Instead, Plaintiff attempts to avoid dismissal on inapplicable procedural technicalities. It is clear that Plaintiff desperately wants this Court to ignore the full text of the Terms and Conditions ("TAC") and privacy policy to which Plaintiff agreed, and the WARNING to minors to stay off the site. Plaintiff cobbled his claims together by pulling sound bites out of context from those documents to support his protestations that he is not at fault for engaging in unlawful sex with a minor. However, despite Plaintiff's contrived effort to forge a claim out of whole cloth, the complaint cannot survive the pleading stage. The Court can and should review the agreements and WARNING without converting this motion to a summary judgment motion. Together, these documents make clear that there was no warranty as to the age of site members, and that Plaintiff specifically and explicitly agreed that there are no such warranties.

Indeed, the opposition is so devoid of analysis that it is a tacit admission that dismissal is warranted. No matter what, Plaintiff cannot overcome the causation hurdle: his decision to have sex with Jane Roe was the supervening and intervening cause of his damages and not any act by the SexSearch.com site. Separately, his claims fail as a matter of law for the reasons set forth in the moving brief, some of which are summarily reiterated below as necessary to respond to the opposition.

Plaintiff first argues that the Communications Decency Act ("CDA") does not pre-empt the claims. Plaintiff asserts that his claims are not based on the content of the SexSearch.com site, but rather on the fact that he met a minor through the site. This defies logic, and other courts have rejected similar arguments. The only way Plaintiff could meet a minor on the site is if he read the content she provided for posting on the SexSearch.com site. Thus, the site is immune from Plaintiff's claims based on the content provided by site members, including

misrepresentations therein by minors.  Accordingly, those claims based on damages caused by that content are pre-empted.

Plaintiff ignores the argument that as a matter of law he cannot reasonably rely on any web site to verify age. Plaintiff maintains this is an issue of fact.  While that generally may be true, this is one of those rare cases where the Court can decide as a matter of law that reasonable minds cannot differ: Plaintiff did not reasonably rely on the WARNING to minors to stay out of the site as a warranty to plaintiff that they would.  No reasonable person could rely on a site to verify age, and the claims therefore fail.  The technology simply is not available to cost-effectively verify age, and to require a site to do that violates the First and Fifth Amendments of the Constitution.  More important, Plaintiff knew the minimal steps he himself took to confirm his age (checking a box confirming he was over 18), and he therefore knew what Jane Roe did. His claimed reliance as an excuse to have unlawful sex is unreasonable as a matter of law.  The claims that are based on the site's failure to verify Jane Roe's age therefore should be dismissed on this additional basis.

Finally, Plaintiff does not even attempt to oppose Defendants' arguments directed to each individual cause of action.  Instead, the opposition simply directs the Court to certain paragraphs in the complaint and states, without support, that the claim does not fail.  However, Plaintiff is wrong.  The moving brief demonstrates that each claim fails as a matter of law.  Plaintiff cannot rely on his conclusory allegations to save his claims; he must, but cannot, allege facts to support his claims, which therefore must be dismissed.

Although only a few months old, this case has already gone on long enough.  Plaintiff has had his due process, and his meritless case should be dismissed now to ensure that Congress' and the Ohio Legislature's goals are met to immunize publishers from tort claims based on published content.  The complaint fails to state a claim and should be dismissed with prejudice and without leave to amend.

2

## II.

### REASONABLE MINDS CANNOT DIFFER: PLAINTIFF UNREASONABLY RELIED ON A PERCEIVED WARRANTY OF AGE VERIFICATION

The opposition fails to address Defendants' point that as a matter of law, it was unreasonable for Plaintiff to rely on the site to verify age. The WARNING is clearly directed to minors, and the TAC and privacy policy make clear that it was not a warranty. Plaintiff agreed to those terms, and he cannot now escape their impact by hiding behind an unconscionability argument. It is clear that the WARNING was to minors, and not to Plaintiff, and if he believed otherwise, that belief was unreasonable as a matter of law. Plaintiff knows what he had to do to become a member- nothing more than clicking a box verifying that he was over 18:

YOU MUST CHECK THE BOX BELOW TO
PROCEED.

☐   I am over 18, I have read and agreed to the
terms and conditions and the privacy policy .

FINISH

Why would he think that would be enough to verify age? Plaintiff had the superior ability to confirm Jane Roe's age when he met with her *in person*, before they had sex. Nothing but his own claimed unfounded assumptions prevented him from doing that. Although this is an issue of fact, the Court can decide the issue on a motion to dismiss because reasonable minds cannot differ as to the unreasonableness of Plaintiff's claimed reliance. *See, e.g., Richman v. Straley,* 48 F.3d 1139, 1145 (10th Cir 1995) (where "reasonable minds cannot differ" as to an issue of fact, on a motion to dismiss "it lies within the prerogative of the trial judge to decide the issue as a matter of law"); *Russo v. NCS Pearson, Inc.,* 462 F.Supp.2d 981, 996 (D. Minn. 2006) (granting motion to dismiss claim because reasonable minds could not differ as to issue of fact). This unreasonableness defeats Plaintiff's claims for breach of warranty, fraud, negligent misrepresentation and failure to warn, all of which require reasonable reliance as an element of the *prima facie* case. (*See,* moving brief §§ V, C-F).

3

## III.

### THE COMMUNICATIONS DECENCY ACT PRE-EMPTS PLAINTIFF'S CLAIMS BASED ON ANY PURPORTED FAILURE TO PREVENT JANE ROE FROM JOINING OR MAINTAINING HER MEMBERSHIP

Most of Plaintiff's claims are preempted by the Communications Decency Act, 47 U.S.C. § 230 ("CDA") (Moving Brief at § III). SexSearch.com is an interactive computer service, which, as a matter of law, cannot be held liable for the information content provided by its members. The opposition sets forth preemption law in detail. This was unnecessary; many courts have already performed that analysis and determined that, as a matter of law, the CDA preempts any claims based on content provided by third parties to internet service providers. The case law makes clear that an interactive computer service cannot be held liable on any state or federal claim that would render that service liable for content provided by third parties. *Carafano v. Metrosplash.com, Inc.,* 339 F.3d 1119, 1122-24 (9th Cir. 2003); *Zeran v. America Online, Inc.,* 129 F.3d 327, 330 (4th Cir. 1997); *Doe v. MySpace,* F.Supp.2d 843, 848 (W.D. Tex 2007), *Dimeo v. Max,* 433 F.Supp.2d 523, 528 (E.D.Pa. 2006), *quoting  Green v. America Online,* 318 F.3d 465, 471 (3d Cir. 2003). Thus, the CDA bars Plaintiff's claims based on the purported failure of the site to prevent Jane Roe from misrepresenting her age.[1]

Plaintiff attempts to save his claims are specious. After the long recitation of preemption law, he first asserts that his claims are not based on information published on the site, but rather on the fact that a minor was on the SexSearch web site. However, this argument makes the point. That minor was only on the SexSearch web site because she provided false content to the site. And Plainitff's entire complaint about her presence is based on his review of the information that she provided. If the site is held liable for the minor's presence on the site, it will

---

[1] Specifically, the preempted claims are: breach of contract (first cause of action); fraud (second cause of action); negligent infliction of emotional distress (third cause of action); negligent misrepresentation (fourth cause of action); breach of warranty (fifth cause of action); violation of Ohio Consumer Sales Practices Act (sixth and seventh causes of action); and failure to warn (fourteenth cause of action).

be based on the information she provided.  Congress has specifically and succinctly immunized the site from such liability, and no amount of spinning the facts can lift that immunization.

Plaintiff's cites *Anthony v. Yahoo!, Inc.* to support this circular argument, but the case does not stand for the proposition Plaintiff recites.  Plaintiff in that case claimed that the Yahoo site created false profiles.  The Court held that the CDA did not immunize *Yahoo* from claims based on the alleged creation of false profiles because, in that case, *Yahoo* was alleged to have created the content and not any third parties.  *Anthony v. Yahoo, Inc.,* 421 F.Supp.2d 1257, 1262-63  (N.D. Cal. 2006).  The *Anthony* court was careful to differentiate claims based on creation of false profiles from claims based on a failure to delete false profiles.  *Id.* at 1262.  Here, there is no allegation that SexSearch created Plaintiff's or Jane Roe's profiles, but rather only that the SexSearch site failed to delete Jane Roe's false profile.  Therefore the *Anthony* decision is inapplicable to this case.

Plaintiff next asserts that because the site reserves the right to modify profiles, it is an information content provider no longer immune from liability for any content on its site.  This is ludicrous.  Indeed, the *Anthony* court specifically noted that a site "may simultaneously be both an 'information content provider' and an 'interactive computer service' provider."  *Id, citing, Lars Gentry v. eBay, Inc.,* 99 Cal.App.4th 816, 831 (2002) ("It is not inconsistent for eBay to be an interactive service provider and also an information content provider; the categories are not mutually exclusive.  The critical issue is whether eBay acted as an information content provider with respect to the information that appellants claim is false or misleading.").  Here, based on the facts alleged, the SexSearch.com site was only acting as an interactive computer service provider, and not an information content provider.

 The moving brief's discussion of the *Doe v. MySpace* case also establishes that the argument is specious.  474 F.Supp.2d 843, 848 (W.D. Tex 2007).  The *MySpace* plaintiffs asserted that they were not suing for posting of content, but rather for the sites failure to keep minors off the site or to prevent sexual predators from communicating with minors on the site.  The court soundly rejected both arguments, finding that the crimes at issue occurred because of

5

content published on the site by third parties and that the CDA therefore immunized the site from liability.  *Id.* at 848-849, and moving brief at § 4. As set forth in the moving brief, the same analysis applies in this case.  Plaintiff and Jane Roe would not have met but for the information published on the site.  Therefore, the CDA immunizes defendants from any liability on the first through seventh and fourteenth causes of action and those claims should be dismissed with prejudice.

## IV.

## EACH OF THE CLAIMS FAIL AS A MATTER OF LAW FOR MULTIPLE SEPARATE AND INDEPENDENT REASONS

### A.    The Court Can Ignore Conclusory Allegations And May Consider Matters Outside The Pleadings Without Converting This Motion To A Summary Judgment Motion.

Besides the CDA and Plaintiff's unreasonable reliance, Plaintiff's claims each fail as a matter of law for the other separate and independent reasons set forth in the moving brief.  (§ V). Plaintiff attempts to avoid these clear bases for dismissal by reciting rules applicable to motions to dismiss, and conveniently omitting two crucial rules that clearly apply in this case.

First, the Court may not treat conclusory allegations of fact as true for purposes of the motion.  *Blackburn v. Fisk University,* 443 F.2d 121, 124 (6th Cir. 1971) (court is "required to accept only well pleaded facts as true, [citation], not the legal conclusions that may be alleged or that may be drawn from the pleaded facts."  Many of Plaintiff's claims are based on conclusory allegations that the Court may not consider.  The claims fail as a matter of law.

Second, the Court must consider several matters outside the pleadings without converting the motion to a summary judgment motion.  With the motion to dismiss, Defendants attached the contracts at issue (SexSearch.com TAC and privacy policy), the WARNING that Plaintiff quoted in his complaint,[2] and some matters of which the Court may take judicial notice.  As a matter of well-established law, the Court may consider these matters outside the pleadings without converting the motion to a summary judgment motion.  Plaintiff has alleged that he agreed to the

---

[2] Defendants did not attach the WARNING, but rather quoted it on page 2 of the moving brief, and again in § IV-C, below.

terms on the site and he has quoted portions of the WARNING.  (Comp. ¶ 186).  As noted in the moving brief, in this circuit "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [his] claim."  *Weiner v. Klais & Co.,* 108 F.3d 86, 89 (6th Cir. 1997).  "Otherwise, a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document upon which it relied."  *Id.*

That is exactly what Plaintiff wants to do – survive this motion by convincing the Court to ignore the clear and unambiguous terms of the contracts and web site, of which Plaintiff only quotes snippets to support his claims.  He cannot do that, and the contracts and entire WARNING are admissible without converting this motion.

Likewise, the Court may consider judicially-noticeable facts without converting to a summary judgment motion.  In support of their motion to dismiss the unconscionablility-based claims, Defendants' requested judicial notice of the fact that there are several other adult-dating web sites.  (Req. for Jud. Not., Ex. B).  Plaintiff does not challenge this request, but instead argues that consideration of this fact transforms this motion to summary judgment.  As a matter of law, Plaintiff is wrong.  The Court may consider matters that are judicially-noticeable on a motion to dismiss.  *See, e.g., Blackburn,* 443 F.2d at 123.

**B.**    **The Contract, Which Is Admissible, Is Clear And Unambiguous That No Warranties Were Made.**

Plaintiff's first cause of action for breach of contract fails as a matter of law.  The opposition simply states the elements of the claim and that paragraphs 290-298 sufficiently plead the claim to defeat this motion.  Plaintiff is wrong.  These allegations are conclusory.  Plaintiff conclusorily alleges that Defendants breached the contract (Compl. ¶ 295); permitted minors to become paid members (Compl. ¶ 296); and "delivered a minor to Plaintiff for the purpose of sexual relations."  Other allegations in the complaint contradict the allegation that the site delivered a minor to Plaintiff.  Specifically, Plaintiff alleges that Jane Roe invited him to her

home and that he went to her there, she initiated sexual contact and they had sex there. (Compl. ¶¶ 219-222).

These conclusory allegations do not save Plaintiff's claim. The complete contractual terms, which the Court may consider, are clear and unambiguous that no warranties were made. (Moving brief at § V-A and Ex. A thereto). The terms are clear. Any and all warranties are disclaimed and Plaintiff's breach of contract claim fails as a matter of law.

**C.**    **Plaintiff's Conclusory Allegations Do Not Support A Finding Of Unconscionability.**

As a matter of law, the TAC are not unconscionable. Four of Plaintiff's claims are based on claimed unconscionability of the TAC (10th – 13th causes of action). The allegations supporting these claims are entirely conclusory and boilerplate. (Compl. ¶¶ 365-389). The moving brief sets forth in detail why, as a matter of Ohio law, the TAC (clickwrap agreement) are not unconscionable.

Plaintiff does not address these arguments head on, but rather relies on findings in a consent decree from an unreported Ohio state case. *State, ex el Montgomery v. Thermal Seal,* (Sept. 18, 2001), Franklin C.P. No. 00CV0706254, unreported, WL 1841771. In that case, the defendants were home improvement companies accused of soliciting customers to sign unconscionable and one-sided contracts for home improvements. The Ohio Attorney General sued under the consumer protection statutes and the defendants stipulated to the judgment that was published but not reported. This case has no precedential effect as it is a Consent Decree entered into by two parties to hotly contested litigation. It is not a finding or holding by the court after trial or hearing on the merits, but rather the defendant's concession to such language by consent.

Moreover, unlike the TAC in this case, the agreements at issue in the *Thermal Seal* case were not clickwrap agreements, were for necessary goods and services, and entered under completely different circumstances based on solicitations to the customers. This situation is completely different. Plaintiff, like millions of others every day on millions of sites, clicked his agreement to the TAC. He had the opportunity to read the TAC and to reject it by not joining the

site.  He could have joined another dating site with terms he liked better, or none at all if he could not find an agreement he liked.  But Plaintiff did not do that; he voluntarily clicked his agreement to the TAC and privacy policy and he is bound by those terms.  The TAC and privacy policy are reasonable and not onerous; just like thousands of other clickwrap agreements.  A finding of unconscionability in this case could be devastating to internet commerce.  For the reasons set forth in the moving brief, the agreement at issue is neither procedurally nor substantively unconscionable.  (Moving Brief at § V-B).  Under the circumstances, the Court needs no additional facts or information to decide that the clickwrap agreement is not unconscionable as a matter of law and that the tenth through thirteenth causes of action should therefore be dismissed.

**D.     <u>Plaintiff's Conclusory Fraud Allegations Fail To State A Claim.</u>**

For his fraud claim, Plaintiff alleges that SexSearch.com represented to Plaintiff that it "verifies all member profiles prior to posting." (Compl. ¶ 302).  This is a conclusory allegation that is not supported by any facts.  The only purported representation described in the complaint is that SexSearch.com labels its site "adult personals" and that "all persons within this site are 18+ . . .."  (Compl. ¶¶ 108, 186, respectively).  This language is contained in the WARNING to minors on the web site:

**WARNING: This Site Contains Adult Material**

Explicit pictures, videos, stories, images, or sounds will be contained on this website. If you are under 18 years of age, or if it is illegal to view adult material in your community, you must exit this page now. All models are at least 18 years old, all persons within this site are 18+ and all images are in compliance with 18 U.S.C. 2257

The warning clearly is directed only to minors, as it addresses them as "you."  In order to believe this clearly-labeled WARNING was instead a warranty, Plaintiff would have had to believe that all minors would both read and heed the warning.  This belief and his supposed reliance  was unreasonable in this day and age.  People lie, and no reasonable person would believe a minor would not lie to get in the site and disobey the warning.  When the purported misrepresentation is read in context in which it was presented, the interpretation pushed by

Plaintiff is patently unreasonable, and even more so when read in conjunction with the TAC disclaiming any warranties on the site. Reasonable minds cannot differ; the facts alleged support only one conclusion – Plaintiff's purported reliance was patently unreasonable as a matter of law. *See, e.g., Richman,* 48 F.3d at 1145; *Russo,* 462 F.Supp.2d at 996. As a matter of law, the allegations of the complaint do not support a fraud claim, which should therefore be dismissed.

**E.      Plaintiff's Negligent Misrepresentation Claim Fails Because As A Matter Of Law, The Requisite Special Relationship Did Not Exist.**

Plaintiff's negligent misrepresentation claim fails because he has not alleged, and he cannot allege, that the requisite special relationship existed between him and the site. The requisite "special" relationship for a negligent misrepresentation claim does not exist in ordinary business transactions *See, e.g, Picker Intern., Inc. v. Mayo Foundation*, 6 F. Supp. 2d 685 (N.D. Ohio 1998). Plaintiff does not dispute that this is an element of the claim, but instead suggests that it is an issue of fact. However, in this case at least, he is wrong. First, he has not alleged the requisite special relationship. Second, it is clear that the joining of the SexSearch.com site was an ordinary business transaction and nothing more. If this Court were to rule otherwise, it would eliminate a requisite element of the claim contrary to clear and well-settled Ohio law. However, it is clear that the special relationship does not exist in this case as a matter of law, and the claim should therefore be dismissed.

Additionally, Plaintiff's negligent misrepresentation claim fails for the same reason as the fraud claim – reasonable minds cannot differ as to Plaintiff's unreasonableness in relying on the purported warranty that minors would not be on the site. Plaintiff's negligent misrepresentation claim fails as a matter of law.

**F.      Plaintiff's Breach Of Warranty Claim Fails Because There Was No Warranty And Because He Could Not Have Reasonably Relied On The Purported Warranty.**

Plaintiff's claim for breach of warranty fails for the reasons set forth in the moving brief (§ V-E), which notes that in Ohio, warranties are for goods only and not services. Plaintiff does not refute this law, but simply states the generic elements of the claim. Moreover, even if

services can be the subject of a warranty, no such warranty was given in this case. The language quoted from the WARNING simply was not a warranty by any stretch of the imagination; it was a warning to minors to stay off the site. Moreover, even if Plaintiff thought it was a warranty, the TAC terms make clear that it was not and that the site did not warrant anything. The conclusory allegations of breach of warranty therefore fail to state a claim, which should therefore be dismissed.

**G.      The Ohio Consumer Protection Statutes Do Not Apply To This Case.**

Plaintiff has failed to address even one of the many arguments in the moving brief establishing that the Act does not apply to this case. Specifically, Plaintiff does not dispute, or even address: that the sale of a SexSearch membership is not a service under the Act, Ohio Adm.Code 109:4-3-01(C); *Hoang v. Etrade,* 151 Ohio App.3d 363, 372 (2003); that the SexSearch.com site is a publisher exempt from liability under the Act, R.C. § 1345.12(B). Additionally, even assuming, *arguendo,* that the claim survive these road blocks and the preemption of the CDA, the claims still fail on their merits as a matter of law because there is nothing deceptive or unconscionable about the contract, notwithstanding Plaintiff's conclusory allegations to the contrary. Even applying the definition of deceptive urged by Plaintiff does not defeat the motion. "[A] deceptive act 'has the likelihood of inducing a state of mind in the consumer that is not in accord with the facts.'" *Chestnut v. Progressive Cas. Ins. Co.,* 166 Ohio App. 3d 299 (2006). In this case, considering the full text of the WARNING, the TAC and the privacy policy leads to only one reasonable inference and conclusion: there is nothing deceptive about the SexSearch.com web site. The WARNING was to minors ("you") and the TAC disclaimed all warranties. As a matter of law, this was not deceptive and the claims fail because, as set forth above, the contract terms are not unconscionable as a matter of law either.[3]

---

[3] Plaintiff has apparently dropped his claim that this was a prepaid entertainment contract as described in RC § 1345.41. This is no doubt because that statute does not apply to the contract at issue. The statute was enacted in the mid-1970s, and clearly did not contemplate the internet, let alone internet transactions. It does not apply, and should be ignored if later asserted as a basis for relief.

**H.**    <u>As A Matter Of Law, Defendants Cannot Be Held Liable For Negligent Infliction Of Emotional Distress.</u>

Plaintiff does not address Defendants' point that he cannot establish the essential element of causation for his negligent infliction of emotional distress claim.  As set forth in the moving brief, Plaintiff's and Jane Roe's own acts are superseding and intervening causes of his damages, and Plaintiff therefore cannot establish proximate causation.[4]  *Feitchner v. City of Cleveland,* 95 Ohio App.3d 388, 396 (1994).  Plaintiff could have prevented the crime by questioning her age and requiring that she show I.D.  If he did ask, then he was not relying on the purported warranty and his claim fails.  If he did not ask, then his claimed reliance on the purported warranty was unreasonable in light of all the undisputed circumstances, and reasonable minds could not differ as to that lack of reasonableness on his part.   Plaintiff simply cannot establish the requisite causation and the emotional distress claim therefore fails.

**I.**    <u>Plaintiff's Failure To Warn Claim Is Meritless.</u>

Plaintiff's failure to warn claim is ironic, considering that he relies on a WARNING as the basis for claiming there was none.  That WARNING clearly was directed to minors to get them to stay out of the site, and was not a warranty to Plaintiff.  And Plaintiff does not dispute that he was warned; he merely asks the Court to ignore the documents in which those warnings were given.  The Court cannot reasonably infer a failure to warn when such warnings were clearly given.  (Ex. A, TAC, ¶¶ 2, 9, 11, 15, 17).  The claim for failure to warn fails as a matter of law.

---

[4] Plaintiff's acts in sexually assaulting a minor; Roe's acts in lying about her age.

# VI.

## <u>CONCLUSION</u>

For all the foregoing reasons and those stated in the moving brief, the complaint fails to state a claim upon which relief may be granted.  It is respectfully submitted that the complaint should therefore be dismissed in its entirety without leave to amend.

Respectfully submitted,

/s/ Richard M. Kerger
RICHARD M. KERGER (0015864)
KERGER & ASSOCIATES
33 S. Michigan Street, Suite 100
Toledo, Ohio 43604
Telephone: (419) 255-5990
Fax: (419) 255-5997

/s/ Gary Jay Kaufman
Gary Jay Kaufman (*pro hac vice*)
Dana Milmeister (*pro hac vice*)
The Kaufman Law Group
1925 Century Park East
Suite 2350
Los Angeles, CA  90067
Telephone: 310-286-2202
Fax: 310-712-0023

Counsel for Specially Appearing Defendants
EXPERIENCED INTERNET.COM, INC.,
MAURICIO BEDOYA AND PATRICIA
QUESADA

13

/s/ Michael D. Dortch
Max Kravitz (0023765)
Michael D. Dortch (0043897)
KRAVITZ, BROWN & DORTCH, LLC
145 East Rich Street
Columbus, OH 43215
614.464.2000
614.4642002
mkravitz@kravitzlaw.com

Counsel for CYTEK, LTD. and for
Specially Appearing Defendants
STALLION.COM FSC LIMITED, DNR, MANIC
MEDIA (AKA MANIC MEDIA, INC.), FIESTA
CATERING INTERNATIONAL INC., MR.
DAMIAN CROSS, MR. ED KUNKEL, MS.
CAMELIA FRANCIS and MR. ADAM SMALL


/s/ William D. Adams
Scott R. Torpey (0081561)
William D. Adams *pro hac vice*
JAFFE RAITT HEUER & WEISS, P.C.
27777 Franklin Road, Suite 2500
Southfield, MI 48034
Telephone: (248) 351-3000
Facsimile:  (248) 351-3082

Counsel for Specially Appearing Defendants
CYBER FLOW SOLUTIONS, INC. and
RICHARD LEVINE