UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| John Doe, | Case No.: 3:07-cv-604 |
| PLAINTIFF, | |
| | Judge Jack Zouhary |
| vs. | |
| | MOTION TO STRIKE |
| SexSearch.com, et al., | DEFENDANTS' JOINT REPLY |
| DEFENDANT(S). | |

    Now comes Plaintiff, John Doe, by and through his undersigned Counsel and respectfully requests this Honorable Court strike Defendants' joint reply to his opposition to Defendant's Joint Motion to Dismiss for the reasons contained in the attached memorandum.

1

**MEMORANDUM**

On April 13, 2007,Defendants' filed several motions to dismiss on various grounds. (Dkt. # 113, 117, 118, 123, 141). This court ordered that all of those motions except (Dkt. #123) be held in abeyance. Following a phone status conference with the court on April 26, 2007, the court directed that Plaintiff address solely Defendants' arguments relating to 12(b)(6) in its initial response. (Dkt. # 142). The court halted all discovery and rulings on any motions by Plaintiff seeking Defendants comply with the court's orders regarding discovery. (Id).

Plaintiff submitted his response solely to the claims in Defendants' motion to dismiss (Dkt. # 123) relating to 12(b)(6) pursuant to the court's order. Plaintiff ignored any arguments in Defendants' Joint Motion to Dismiss related to Federal Civil Rule 12(b)(2) per its order.

6Th Circuit Standard for Analysis of Motion to Dismiss Claims

The standard of review for the Sixth Circuit for a motion to dismiss is as follows:

1. The district court must construe the complaint in a light most favorable to the plaintiff, accepting all of the factual allegations as true. Allard v. Weitzman (In Re DeLorean Motor Co, 991 F.2d 1236, 1239-40 (6th Cir.1993); Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir.1993).

2. When an allegation is capable of more than one inference, it must be construed in the plaintiff's favor. Allard, 991 F.2d at 1240; Mayer, 988 F.2d at 638.

3. A judge may not grant a Rule 12(b)(6) motion based on a disbelief of a complaint's factual allegations. Allard, 991 F.2d at 1240; Lawler v. Marshall, 898 F.2d 1196, 1199 (6th Cir.1990).

4. A complaint satisfies 12(b)(6) it if contains "either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir.1988).

A motion to dismiss is not a motion for summary judgment. The legal standards are different. "A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is treated as one for summary

judgment [only] if 'matters outside the pleading are presented to and not excluded by the court.'" Abbott v. Michigan 474 F.3d 324 (C.A. 6 2007).

The provision of 12(b)(6) that states that such a motion shall be treated as a summary judgment motion if "matters outside the pleading are presented to and not excluded by the court," mandates that in such event, parties must be "given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Stringfield v. Graham, 212 Fed.Appx. 530 (C.A.6 2007).

In this case, the court specifically halted all discovery and did not address Defendants failure to provide discovery to Plaintiff effectively preventing Plaintiff from presenting any such "outside the pleadings" evidence. (Dkt. #142). In spite of this case law and the court's order, the Defendants' Joint Reply is replete with references to evidence outside the pleadings.

In their reply, Defendants explicitly ask this Court to both consider their motion as merely a motion to dismiss, yet consider evidence outside the pleadings. "The Court can and should review the agreements and WARNING without converting this motion to a summary judgment motion." (Defendants' Joint Reply at 1). They also claim legal support for this proposition, yet filed their reply without providing any. "With the motion to dismiss, Defendants' attached the contracts at issue (SexSearch.com TAC and privacy policy), the WARNING that Plaintiff quoted in his complaint and some matters of which the Court may take judicial notice. As a matter of well-established law, the Court may consider these matters outside the pleadings without converting the motion to a summary judgment motion." Id. at 6.

Following those claims that this court can consider items outside the pleadings without converting Defendants' motion to a summary judgment motion, Defendants' repeatedly refer to matters outside the pleadings in their reply.

"The moving brief sets forth in detail why, as a matter of Ohio law, the TAC (clickwrap agreement) are not unconscionable." (Defendants' Reply at 8). "He could have joined another dating

3

site with terms he liked better, or none at all if he could not find an agreement he liked. But Plaintiff did not do that; he voluntarily clicked his agreement to the TAC and privacy policy and he is bound by those terms. The TAC and privacy policy are reasonable and not onerous." Id. at 9.  "The warning clearly is directed only to minors, as it addresses them as 'you.'  In order to believe this clearly-labeled WARNING was instead a warranty, Plaintiff would have had to believe that all minors would both read and heed the warning. This belief and his supposed reliance was unreasonable in this day and age. People lie, and no reasonable person would believe a minor would not lie to get in the site and disobey the warning." Id.  "[R]easonable minds cannot differ as to Plaintiff's unreasonableness in relying on the purported warranty that minors would not be on the site." Id. at 10.  These factual arguments and references to matters outside the pleadings continue throughout the remaining 8 pages of Defendants' reply.

 Despite clear case law, Defendants' Joint Reply refuses to accept that for purpose of a 12(b)(6) motion to dismiss, all allegations in the complaint must be accepted as true.  Allard and Mayer, supra. All matters in the complaint must be construed in a light most favorable to Doe. Id.  Defendants' Joint Reply ignores these principles and on each page submits matters outside the pleadings, disputes the allegations in the pleadings, and urges the court to consider the complaint in a light most favorable to Defendants.

 There is so little of Defendants' Reply that comports with a 12(b)(6) dismissal motion and Sixth Circuit case law that the entire reply must be stricken.

 For purposes of Defendants' motion, there are no factual disputes to be decided by the court pursuant to a 12(b)(6) motion to dismiss.  All facts are presumed proven just as they are alleged in the complaint.  All arguments of Defendants such as "As a matter of law, Plaintiff cannot establish the elements of a special relationship with any of the defendants, which is a necessary element of the negligent misrepresentation claim; and he cannot establish reasonableness" (Dkt. # 123 at 16) are

4

irrelevant as they pose claims of factual disputes. (Emphasis added).

/s/Dean Boland
Dean Boland, 0065693
18123 Sloane Avenue
Lakewood, Ohio 44107
dean@deanboland.com
216.529.9371 phone
216.803.2131 fax
Attorney for John Doe

/s/Brandie L. Hawkins
Brandie L. Hawkins, 0078485
P.O. BOX 3098
Lima Ohio 45807-3098
419.339.9845 ph
866.245.1756 fax
Attorney for John Doe

## CERTIFICATE OF SERVICE

A copy of the foregoing Plaintiff's Response to Defendants' Motions to Dismiss was served by operation of the court's electronic filing system on all parties on the date of its filing.

/s/Dean Boland
Dean Boland (0065693)