UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| John Doe, | Case No.: 3:07-cv-604 |
| PLAINTIFF, | |
| | Judge Jack Zouhary |
| vs. | |
| SexSearch.com, et al., | MOTION IN OPPOSITION TO DEFENDANTS' JOINT MOTION FOR JUDICIAL NOTICE OF MATTERS OUTSIDE THE PLEADINGS |
| DEFENDANT(S). | |

Now comes Plaintiff, John Doe, by and through his undersigned Counsel and respectfully requests this Honorable Court deny Defendants' joint motion for judicial notice of various items related to their joint motion to dismiss pursuant to Federal Civil Rule 12(b)(6) for the reasons contained in the attached memorandum.

1

**MEMORANDUM**

On April 13, 2007, Defendants filed several motions to dismiss on various grounds. (Dkt. # 113, 117, 118, 123, 141). This court ordered that all of those motions except Dkt. #123 be held in abeyance. Following a phone status conference with the court on April 26, 2007 , the court directed that Plaintiff address, solely, Defendants' arguments relating to 12(b)(6) in its initial response. (Dkt. # 142). The court halted all discovery and rulings on any motions by Plaintiff seeking Defendants comply with the court's orders regarding discovery. (Id).

6Th Circuit Standard for Analysis of Motion to Dismiss Claims

The standard of review for the Sixth Circuit for a motion to dismiss is as follows:

1. The district court must construe the complaint in a light most favorable to the plaintiff, accepting all of the factual allegations as true. Allard v. Weitzman (In Re DeLorean Motor Co., 991 F.2d 1236, 1239-40 (6th Cir.1993); Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir.1993).

2. When an allegation is capable of more than one inference, it must be construed in the plaintiff's favor. Allard, 991 F.2d at 1240; Mayer, 988 F.2d at 638.

3. A judge may not grant a Rule 12(b)(6) motion based on a disbelief of a complaint's factual allegations. Allard, 991 F.2d at 1240; Lawler v. Marshall, 898 F.2d 1196, 1199 (6th Cir.1990).

4. A complaint satisfies 12(b)(6) it if contains "either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." (Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir.1988)).

A motion to dismiss is not a motion for summary judgment. The legal standards are different. "A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is treated as one for summary judgment [only] if 'matters outside the pleading are presented to and not excluded by the court.'" (Abbott v. Michigan 474 F.3d 324 (C.A. 6 2007)).

The provision of 12(b)(6) that states that such a motion shall be treated as a summary judgment

2

motion if "matters outside the pleading are presented to and not excluded by the court," mandates that in such event, parties must be "given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." (Stringfield v. Graham, 212 Fed.Appx. 530 (C.A.6 2007)).

In this case, the court specifically halted all discovery and did not address Defendants' failure to provide discovery to Plaintiff effectively preventing Plaintiff from presenting any such "outside the pleadings" evidence. (Dkt. #142). In their reply, Defendants' explicitly ask this court to both consider their motion as merely a motion to dismiss, yet consider evidence outside the pleadings including by judicial notice. Defendants' request for consideration of such judicially noticed material is improper and should be denied.

All circuits to consider the issue have noted that a court may take judicial notice of at least some documents of public record when ruling on a Rule 12(b)(6) motion. See, e.g., New Eng. Health Care Employees Pension Fund v. Ernst & Young, LLP, 336 F.3d 495, 501 (6th Cir.2003); Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1197 (3d Cir.1993); Kramer v. Time Warner, Inc., 937 F.2d 767, 774 (2d Cir.1991). The majority of these courts, however, have held that the use of such documents is proper only for the fact of the documents' existence, and not for the truth of the matters asserted therein. See, e.g., Lovelace v. Software Spectrum, Inc., 78 F.3d 1015, 1018 (5th Cir.1996); Hennessy v. Penril Datacomm Networks, Inc., 69 F.3d 1344, 1354-55 (7th Cir.1995). Further, in general a court may only take judicial notice of a public record whose existence or contents prove facts whose accuracy cannot reasonably be questioned. See, e.g., Fed.R.Evid. 201(b)(2); Gen. Elec. Capital Corp. v. Lease Resolution Corp., 128 F.3d 1074, 1080 (7th Cir.1997) (collecting cases). Despite the fact that the majority of such cases dealt with the public filings of private corporations or of judicial proceedings, at least one (1) court has noted that even a judicial opinion may not be relied upon, in a motion to dismiss, for the truth of the facts within. Lum v. Bank of Am., 361 F.3d 217, 222 n. 3 (3d Cir.2004). In general, the majority of the cases which do not allow a court to take judicial

notice of the contents of a public record do so because there is no way for an opposing party, prior to the issuance of the court's decision, to register his or her disagreement with the facts in the document of which the court was taking notice. See, e.g., Hennessy, 69 F.3d at 1354-55. Thus, in order to preserve a party's right to a fair hearing, a court, on a motion to dismiss, must only take judicial notice of facts which are not subject to reasonable dispute.

As the court has commented upon in past hearings and phone status conferences, there are a variety of facts in dispute in this matter including the contents of declarations and claims by counsel. The contents of material Defendants' seek this Court to judicially notice are likewise in dispute. Given the law in this area, Plaintiff respectfully requests this Court formally deny Defendants' motion to judicially notice any material. If the court determines it will consider material outside the pleadings that Defendants have submitted, Plaintiff requests reasonable time to submit relevant material outside the pleadings in support of his opposition to Defendants 12(b)(6) motion to dismiss.

/s/Dean Boland
Dean Boland, 0065693
18123 Sloane Avenue
Lakewood, Ohio 44107
dean@deanboland.com
216.529.9371 phone
216.803.2131 fax
Attorney for John Doe

/s/Brandie L. Hawkins
Brandie L. Hawkins, 0078485
P.O. BOX 3098
Lima, Ohio 45807-3098
419.339.9845 ph
866.245.1756 fax
Attorney for John Doe

## CERTIFICATE OF SERVICE

A copy of the foregoing Plaintiff's Response to Defendants' Motions to Dismiss was served by operation of the court's electronic filing system on all parties on the date of its filing.

/s/Dean Boland
Dean Boland (0065693)